## BLACK *v.* FRANKLIN LIFE INSURANCE COMPANY.

1. A finding for the defendant being demanded by the evidence, the court did not err in directing a verdict accordingly.
2. No error appears in the rulings of the court as to the admission or rejection of testimony.

Decided February 23, 1910.

Action upon life-insurance policy. Before Judge Wright. Floyd superior court. January 25, 1909.

*Dean & Dean* and *Denny & Harris,* for plaintiff.

*Jones, Jones, Hocker & Davis* and *Seaborn & Barry Wright,* for defendant.

BECK, J. Mrs. Rosa B. Black, named therein as beneficiary, brought suit upon a policy of life insurance for $1,000 issued by the defendant company to George S. Black on October 14, 1901. As appears from the policy, the insurance was granted in consideration of the application for the policy, which was made a part of the contract, and the payment of $39.53, the first annual premium, and the further payment of a like amount annually thereafter on the 14th day of October during the continuance of the policy. It is stipulated in the policy that the loans, surrender values, options, privileges, and conditions stated on certain pages of the policy, fol-

lowing the signatures affixed thereto, were to form a part of the contract as fully as if recited at length over the signatures to the policy.    Among others, the contract contains provisions for the payment in advance of the premiums in semi-annual or quarterly instalments, and also a condition that a failure to pay any renewal premium, or non-payment (when due) of principal or interest on any note given in payment of a premium due under, or as a charge against this contract, should render it null and void, and the payments theretofore under the contract should be forfeited to the company, except as provided in other parts of the contract.    The contract of insurance also contains the following stipulation:

"SURRENDER & LOAN VALUES.    NON-FORFEITURE.

"In case of default in the payment of any premium after three years have been paid in full, the Company (subject to any existing indebtedness) will:    (*a*) Without action of the Insured, continue without participation the full amount of insurance hereunder during the term specified in the following table, provided that if the death of the Insured shall occur within one year from the date of such default, and during the continued term, the unpaid premiums for such year shall be deducted from the amount due; or (*b*) Upon due surrender of this policy within sixty days after the date of such default, issue a non-participating paid-up life policy, as specified in said table.

"LOANS.

"(*a*)  Upon application of the Insured, the Company will loan, on the sole security of this policy, twenty-five per cent. of any or all of the premiums hereunder as they become due; such loan or loans to be made in accordance with the rules of the Company, and to bear simple interest at six per cent. per annum; it being understood that if the death of the Insured shall occur before the expiration of the accumulation period named in this policy, all premium loans made hereunder, and accrued interest thereon, shall be cancelled and become null and void.    It is also agreed that if the Insured does not avail himself of any or all of the premium loans provided for in this paragraph, and his death shall occur during the accumulation period named herein, and while this policy is in full force, an amount equal to twenty-five per cent. of all premiums paid on which no loans have been made, plus simple interest at six per cent. per annum, shall be added to and become payable with the

original amount of this policy.    (*b*) After this policy shall have been in force three years (premiums having been duly paid to the next succeeding anniversary of the insurance), the Company will loan, on the sole security of this policy, the amount stated in the following table (less any existing indebtedness), upon execution of blanks therefor furnished by the Company, interest to be at the rate of six per cent. per annum, in advance.

### TABLE OF SURRENDER & LOAN VALUES.
Continued Insurance for $1,000.00

| At end of | Loan Value. | for the term of | | | Paid-up Policy. |
|---|---|---|---|---|---|
| 3rd Year, | $ 43.00 | 2 yrs. | 258 | days. | $ 70.00 |
| 4th " | 64.00 | 3 " | 287 | " | 107.00 |
| 5th " | 84.00 | 4 " | 274 | " | 143.00 |
| 6th " | 106.00 | 5 " | 217 | " | 178.00 |
| 7th " | 127.00 | 6 " | 213 | " | 212.00 |
| 8th " | 149.00 | 7 " | 158 | " | 245.00 |
| 9th " | 170.00 | 8 " | 160 | " | 278.00 |
| 10th " | 191.00 | 8 " | 310 | " | 309.00 |
| 11th. " | 212.00 | 9 " | 62 | " | 341.00 |
| 12th " | 233.00 | 9 " | 152 | " | 372.00 |
| 13th " | 253.00 | 9 " | 216 | " | 402.00 |
| 14th " | 275.00 | 9 " | 258 | " | 431.00 |
| 15th " | 295.00 | 9 " | 279 | " | 457.00 |
| 16th " | 317.00 | 9 " | 279 | " | 484.00 |
| 17th " | 338.00 | 9 " | 268 | " | 510.00 |
| 18th " | 360.00 | 9 " | 243 | " | 533.00 |
| 19th " | 381.00 | 9 " | 207 | " | 556.00 |
| 20th " | 402.00 | 9 " | 160 | " | 576.00 |
| 25th " | 505.00 | 8 " | 191 | " | 678.00 |
| 30th " | 602.00 | 7 " | 116 | " | 758.00 |

"Should there be any indebtedness on account of this policy at the time of default in the payment of any premium, the value of the several options of settlement stated in the foregoing table will be correspondingly reduced."

The defense set up by the company is that the policy had lapsed on January 14, 1905, and was not in force at the time of Black's death, July 17, 1906. It is alleged in the petition that the premiums were paid up to and including January 14, 1905, which was admitted in the defendant's answer.

· Under the provisions of the policy and the facts stated in the petition, the policy was no longer in force after the date last stated, unless it was thereafter continued in force by the provisions relating to continued insurance.    The plaintiff insists that under the provisions for alleged continued insurance the policy was continued in force for two years and 258 days after January 14, 1905; and the defendant company insists that the policy lapsed on January 14, 1905.    The determination of this issue between the parties to the suit depends upon a construction of the terms of the policy, and particularly those provisions of the policy relating to continued insurance.

If the insured had paid in cash the full amount of his premiums for the period of three years and three months, and had not availed himself of the provision of the policy which allowed him to borrow twenty-five per cent. of each premium and have it charged as a loan or lien against his policy, no question would arise that he would have been entitled to the provision relative to continued insurance, and that the period of insurance thus continued would have been extended beyond the date of his death.    But the insured did not elect to pay the whole of his premium in cash.    On the contrary, he availed himself of the provision in the policy relative to "loans," by which the company agreed, upon application of the insured, to loan "twenty-five per cent. of any or all of the premiums hereunder as they became due," executing to the company for each loan made the following agreement or acknowledgment:

"CERTIFICATE OF PREMIUM LOAN.

$9.88                                      Springfield, Ill., 10/14/1901.

This certifies that the Franklin Life Insurance Company, of Springfield, Illinois, has loaned, on the sole security of policy number 36433, the sum of nine and 88/100 dollars, being a part of the annual premium on said policy, which, with any additional premium loans (the amount to be endorsed hereon and stated also in the renewal premium receipt), shall be a lien on said policy until paid, simple interest at the rate of 6% per annum to be added thereto until the end of the accumulation period named in said policy, at which time the profits accruing to it shall be used toward the payment of said loan and any excess of profits paid in cash, or used as otherwise set forth in the policy at the option of the insured.    If at any time any part of such loan shall remain unpaid, the balance

may be continued as a loan, interest as aforesaid, and the dividends accruing on the policy to be thereafter payable annually; it being understood that in the event of my death before the expiration of said accumulation period and while said policy is in force, said loan is to be null and void.

[Signed]　Geo. S. Black, The Insured."

And thereafter, as each quarterly payment became due, the insured paid, not the full amount of the premium in cash, but seventy-five per cent. of each premium; and the remaining twenty-five per cent. of each premium, in accordance with the provisions of the certificate of loan above set forth, was charged against his policy. These loans bore interest at the rate of six per cent. per annum. At the date upon which the company contends that the policy had lapsed (January 14, 1905), these loans, with the interest thereon, amounted to the sum of $37.18, made up of the sums of the individual loans and the interest thereon, which were endorsed on the back of the loan certificate.

Notwithstanding the provision in the policy that in the case of the happening of certain events these loans were to be null and void, we think that they constituted an indebtedness upon the part of the insured to the company. It would require a most unusually narrow and restricted definition of the word "indebtedness," framed to meet the exigencies of a particular occasion, to exclude such an obligation as arose on the part of the insured to the company after the execution of the agreement or acknowledgment designated as a "certificate of premium loan," as above set forth. Various stipulations in the agreement or obligation designated as a certificate of premium loan clearly make the obligation one of indebtedness. The obligation bore interest at a certain rate. It was a "lien on said policy until paid;" there were provisions also that if any part of the loan should remain unpaid, the balance might be continued as a loan at the same rate of interest; and other terms are employed which tend to bring the obligation created by the execution of the agreement referred to within the scope of the meaning of the word "indebtedness." If this premium loan created indebtedness on the part of the insured, it was clearly an indebtedness on account of the policy; and that being true, the company was in a position to invoke the application of the provision in the policy that "should there be any indebtedness on account of this policy at the time of default in

the payment of any premium, the value of the several options of settlement stated in the foregoing table will be correspondingly reduced." The only option in the table immediately preceding this provision of the policy to which it could be applicable, under the facts and pleadings in the case, was relative to continued insurance. And the court properly admitted evidence and retained the pleadings of the defendant, over the objections raised by demurrer, which would enable it to determine by how much the value of that option referred to in the table (and it is the only one to be considered here) was reduced by the indebtedness existing at the time of the default in the payment of premium. Uncontroverted evidence appearing in the record shows that the indebtedness on account of the policy at the time of the default was more than the value of the continued insurance provided for in the policy; and that being true, the court could not do otherwise than hold as a matter of law that the plaintiff was not entitled to recover, and direct a verdict in favor of the defendant.

No error is shown to have been committed in the rulings by the court as to the admission and rejection of evidence.

*Judgment affirmed. All the Justices concur.*