28036. ALLEN v. THE STATE.

UNDERCOFLER, Justice. This appeal is from convictions and

sentences on two counts of murder and one count of burglary.
*Held:*

1. The trial court did not err in overruling appellant's objection to the word "alias" in the indictment. "Where the accused is known by different names . . . it is lawful for the indictment to identify the accused by all such names as alias dictus." *Andrews v. State,* 196 Ga. 84 (9) (26 SE2d 263).

2. The trial court did not violate the commonly called "coherency test" when determining at a Jackson-Denno hearing that the appellant's confession was given knowingly and voluntarily. Although the appellant testified that he had consumed a certain amount of liquor and narcotics prior to his arrest, there was ample evidence to support a finding that his confession was the product of a rational intellect and a free will. The cases of Blackburn v. Alabama, 361 U. S. 199 (80 SC 274, 4 LE2d 242); Reck v. Pate, 367 U. S. 433 (81 SC 1541, 6 LE2d 948); and Townsend v. Sain, 372 U. S. 293 (83 SC 745, 9 LE2d 770) are distinguishable from the instant case on their facts.

3. There is no merit in the contention that the search and seizure from a certain Buick automobile was illegal because the state failed to prove that said Buick was not owned by the appellant. Both prior to and after the search and seizure the appellant knowingly and voluntarily confessed that the vehicle was stolen. *Dutton v. State,* 228 Ga. 850 (1) (188 SE2d 794); *Croker v. State,* 114 Ga. App. 43 (150 SE2d 294).

4. Appellant contends the trial court erred in denying his motion for mistrial when a witness enumerated the articles seized from the Buick automobile. There were over 65 articles, some of which were identified as belonging to the victims. The appellant argues that the testimony as to articles seized which were not relevant to the crime with which he was charged prejudiced the jury by suggesting that he had been on a "burglarizing spree." In denying the motion the trial court clearly instructed the jury to consider only those articles which were relevant to the issues on trial and to disregard the others. We find no reversible error. *Young v. State,* 226 Ga. 553, 556 (176 SE2d 52); *Wooten v. State,* 224 Ga. 106 (3) (160 SE2d 403). See *Pritchard v. State,* 225 Ga. 690 (1) (171 SE2d 130).

5. There is no merit in appellant's contention that the photographs of the bloody victims introduced into evidence prejudiced the jury. *Johnson v. State,* 226 Ga. 511 (175 SE2d 840).

6. Appellant contends that the introduction in evidence of a gun cleaning kit with his fingerprints thereon found in the Buick automobile illegally placed his character in issue. We do not agree. Possession of a gun cleaning kit is not a crime.

7. One waiver of constitutional rights applies to all crimes which are admitted during the confession. The record shows the appellant was arrested for driving without a license at 1:30 p.m. in Rabun County. Thereafter he first confessed to stealing the Buick automobile in Atlanta, wrecking it in White County and stealing another automobile after which he confessed to the burglary and murders. He was transported from Rabun County to White County. He then directed the police officers to the scene of the crime where the victims were found. All of this occurred during the same afternoon. The same confession was made to different police officers and on each occasion a waiver of constitutional rights was obtained prior thereto. The record shows three oral waivers and a written waiver signed in Rabun County and a written waiver signed in White County. We find no error in receiving the confessions or prejudice to the appellant in admitting into evidence the various waivers. *Watson v. State,* 227 Ga. 698 (182 SE2d 446).

8. The trial judge did not err in denying appellant's motion to be examined by a psychiatrist. *Roach v. State,* 221 Ga. 783 (147 SE2d 299).

9. There is no merit in appellant's contention that black persons were systematically excluded from the jury by the district attorney's use of peremptory strikes. *Hobbs v. State,* 229 Ga. 556 (192 SE2d 903).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 22, 1973 — DECIDED SEPTEMBER 6, 1973.

*Telford, Stewart & Stephens, Charles W. Stephens, Smith, Smith & Frost, Randall Frost,* for appellant.

*Jeff C. Wayne, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellee.