## 30207. PIERCE v. THE STATE.

HALL, Justice.

Pierce, convicted of armed bank robbery, appeals from the denial of his new trial motion urging primarily the claimed inadmissibility of his confession.

On October 31, 1974, a branch of the Home Federal Savings & Loan in Columbus, Georgia, was robbed of $3,250 by four blacks wearing ski masks. No positive identifications were ever made by the bank tellers though at trial they described the robbery in detail. On November 4, 1974, Pierce was arrested and advised of his rights under Miranda v. Arizona, 384 U. S. 436. The attorney of his choice was retained and came to see him at the jail, and at the November 5 preliminary hearing he was represented by an associate of his retained counsel. Pierce was bound over and denied bond, and was returned to the city jail. Subsequent events leading to Pierce's confession were disputed at his trial.

Detective Jones testified at Pierce's trial that on November 6th, Pierce had the jailer telephone Jones to ask him to visit Pierce, which he did. Pierce then asked whether Jones had heard from Pierce's attorney, and was told no. There was no further contact between the men until November 12th when Jones was again summoned by Pierce and asked the same thing. Upon again being told no, Pierce stated he wanted to fire his attorney, and at his request was allowed to use the telephone. He tried unsuccessfully to telephone his mother, and then telephoned another person, thought to be his grandmother. Jones heard him tell the person on the other end that he had gotten himself involved in the robbery with the other men and didn't want his mother to pay a retained attorney because he knew that she didn't have much money; that he would be satisfied to be represented

by the public defender. Following this telephone call, Pierce was advised again of his rights and then gave police a complete statement confessing his role as primary gunman in the robbery. After giving the statement, Pierce talked to police about numerous other robberies, implicating others and riding about with officers discussing details such as where get-away cars were ditched. Pierce was then transferred from the city jail to the Muscogee County jail.

Pierce, in his testimony, said that when he was returned to jail following the preliminary hearing he was told that he would not be transferred to the county jail until he made a statement; that he was unable to use bath facilities because he was locked up; that he had no bath for eight days; that he never asked for a bath though he did say something about it; that he was allowed no visitors; that he received two meals a day, a breakfast of biscuits and meat and a hot supper; that he had a water fountain in his cell; that the episode on the 6th described by Jones never occurred; that on the 12th he telephoned his grandmother but made no effort to telephone his mother; that the statement as admitted into evidence was in his own words.

Pierce's confession was introduced at trial after a Jackson v. Denno, 378 U. S. 368, hearing outside the presence of the jury, and Pierce was convicted and sentenced to life imprisonment. On this appeal he raises three points.

1. Because the evidence was ample to establish the corpus delicti of armed robbery, there is no merit to the contention that Pierce's confession was not sufficiently corroborated as required by Code Ann. § 38-420. *Cooper v. State,* 226 Ga. 434 (175 SE2d 653); *McVeigh v. State,* 205 Ga. 326, 335 (53 SE2d 462); *Hilliard v. State,* 128 Ga. App. 157, 160 (195 SE2d 772). The evidence supported the verdict and there is no merit in the enumeration on the general grounds.

2. Pierce asks us to adopt the rule applicable in New York by ruling that when a prisoner is known by police to be represented by counsel, anything he says to police in absence of counsel is per se inadmissible, whether "voluntary" or not. This is not the law of Georgia.

*Whisman v. State,* 221 Ga. 460 (145 SE2d 499). Moreover, such a rule seems to us unnecessarily rigid, and we adhere to our rule that considering the totality of the circumstances such a statement may be shown to be voluntary even though made in the absence of counsel after counsel has been retained or appointed. Accord, Williams v. Brewer, 509 F2d 227, 233 (8th Cir. 1974); Coughlan v. United States, 391 F2d 371 (9th Cir. 1968); see United States v. Cavallino, 498 F2d 1200, 1203 (5th Cir. 1974).

3. Pierce last contends that his confession was involuntary because he was denied the usual transfer to the county jail and was coerced by unpleasant conditions at the city jail where he continued to be held. Detective Jones, whose job it is to determine where prisoners are detained, testified that it is usual for prisoners to be kept at the city jail after preliminary hearing if they are being investigated on other charges, and that prior to his transfer to the county jail Pierce was being investigated in connection with five other bank robberies. Pierce's own testimony established that conditions at the city jail were adequate and non-punitive; and he had no vested right to the transfer he claims he was denied.

The trial court concluded that Pierce had freely and voluntarily waived his rights to silence and an attorney and had chosen to make a confession. We must accept those factual determinations by the trial court unless those findings are shown to be clearly erroneous (*High v. State,* 233 Ga. 153, 154 (210 SE2d 673)), and they are not so shown. The standard the state was required to meet before the trial judge concerning the statement was to show it voluntary by a preponderance of the evidence considering the totality of the circumstances. Lego v. Twomey, 404 U. S. 477; *Thomas v. State,* 233 Ga. 237, 240 (210 SE2d 675). That standard was clearly met. The claim that the confession was involuntary because coerced by these conditions is without merit.

All enumerated errors being without merit, the conviction is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 3, 1975 — DECIDED SEPTEMBER 23, 1975.

*H. Baxter Harcourt, James H. Fort,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.