## 31462. SENIOR v. THE STATE.

NICHOLS, Chief Justice.

Tommie Lee Senior was indicted, tried and convicted for the offenses of murder and armed robbery. He received a life sentence on each count of the indictment and thereafter the present appeal was filed.

The evidence disclosed that the defendant was a former employee of the Linwood Bottle Shop, a liquor store located on Linwood Boulevard, Columbus, Muscogee County, Georgia. The appellant had been fired approximately three weeks prior to the murder because the owner believed he was pilfering the cash register. On the night of the murder the appellant went to the liquor store presumably to talk to the owner about a tax form. The owner was away from the store at that time. According to the appellant's confession, the murder victim was shot after he directed the appellant to leave the premises.

A written confession was admitted into evidence over objection and the admission of this confession, as well as evidence obtained as a result thereof, constitutes the sole enumeration of error.

The appellant presented evidence to demonstrate that he was mentally retarded to the extent that there could be no knowing and intelligent waiver of counsel and that the confession was therefore not voluntarily given. At the Jackson-Denno hearing conducted by the trial court out of the hearing of the jury, as well as the hearing in the presence of the jury, the appellant presented testimony of a school teacher who had taught the appellant and of a clinical psychologist. Both witnesses testified to facts which indicated the appellant's mental age was much younger than his chronological age of 17 years. The evidence adduced by the state showed that the appellant had completed the 11th grade in school, that he read aloud the Miranda warnings from a card and had trouble only in pronouncing the word "coercion." Other testimony showed that the appellant understood his rights and that the statement, in the appellant's own words, was freely and voluntarily given.

Under decisions exemplified by *Allen v. State,* 231

Ga. 17 (200 SE2d 106) (1973); *House v. State,* 232 Ga. 140 (205 SE2d 217) (1974); *High v. State,* 233 Ga. 153, 154 (210 SE2d 673) (1974); and *Pierce v. State,* 235 Ga. 237, 239 (219 SE2d 158) (1975), the trial court did not err, considering the totality of the circumstances, in permitting the introduction of the appellant's confession into evidence.

The evidence authorized the defendant's conviction and the sole enumerated error is without merit. The conviction must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 20, 1976 — DECIDED SEPTEMBER 29, 1976.

*Jay William Fitt,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.