## 54635. HILL v. THE STATE.

BIRDSONG, Judge.

Child molestation. From a jury verdict of guilty, appellant brings this appeal, enumerating nine errors allegedly committed by the trial court. *Held:*

1. Appellant assigns as error the admission of an in-court identification, alleging that it was fatally tainted by an illegal pre-indictment "one-on-one show-up." The evidence reveals that, after the victim was molested, she gave the police an accurate description of both the appellant and his automobile, which he had driven to the victim's residence. Appellant was apprehended and brought to the scene of the incident within thirty minutes, where, in broad daylight, he was positively identified by the victim as the man who had molested her.

In scrutinizing a pre-indictment identification "show-up" for due process violations, the Supreme Court of this state has applied a "totality of the circumstances" test, utilizing standards enunciated in Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401). "[I]t is the likelihood of misidentification which offends against due process and 'the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the

witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation.' 409 U. S. 199." *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282). These standards were not violated, and this enumeration of error is therefore without merit. See *Jones v. State,* 238 Ga. 51 (230 SE2d 865); *Hobbs v. State,* 235 Ga. 8 (218 SE2d 769).

2. Appellant contends that the trial court erred in prohibiting appellant's counsel from discussing appellant's punishment during closing argument. "It is error to instruct the jury as to a possible sentence in a felony case before the jury has determined the question of guilt or innocence." *Mayo v. State,* 139 Ga. App. 520 (1) (229 SE2d 16) and cits. There is no merit in this complaint.

3. Appellant complains that the trial court erroneously charged the jury as to appellant's plea of "not guilty by reason of mental incompetence." No argument or citation of authority is given in support of this complaint, which is therefore deemed abandoned. *Haskins v. Jones,* 142 Ga. App. 153 (1) (235 SE2d 630).

4. Appellant assigns as error the failure of the trial court to charge the jury on insanity or mental incompetence, notwithstanding appellant's failure to request such a charge. In support of this contention, appellant relies solely upon the fact that he filed a plea of "not guilty by reason of mental incompetence."

Appellant, in his brief, has failed to refer this court to any evidence which would support a charge on insanity, and we are therefore unable to consider this complaint. *Herrin v. State,* 138 Ga. App. 729, 730 (227 SE2d 498). Moreover, an examination of the record discloses no evidence which would support a claim that appellant was either unable to distinguish between right and wrong (Code Ann. § 26-702) or that he was suffering from a "delusional compulsion" (Code Ann. § 26-703). The evidence, therefore, did not require a charge on insanity. *Holsey v. State,* 235 Ga. 270 (7) (219 SE2d 374). Accordingly, this enumeration of error is without merit.

5. Appellant argues that the admission into evidence of two "waiver of rights" forms signed by appellant in Jackson and Hall Counties was error, for the reason that such evidence improperly "injected the

[appellant's] character in evidence." This contention is without merit. *Allen v. State,* 231 Ga. 17 (7) (200 SE2d 106).

6. Appellant's contention that the trial court erred in denying his motion for new trial is supported solely by, in appellant's own words, "the reasons set out in the [foregoing] enumerations of errors." This contention is without merit, for the reasons discussed in the foregoing Divisions 1-5.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED OCTOBER 5, 1977 — DECIDED DECEMBER 5, 1977.

*Guy B. Scott, Jr.,* for appellant.
*Nat Hancock, District Attorney,* for appellee.