## 56932. MANN v. THE STATE.

SMITH, Judge.

A jury convicted appellant on one count of burglary, four counts of aggravated assault, one count of rape, three counts of aggravated sodomy, and four counts of terroristic threats and acts. His appeal asserts error in the admission of certain testimony and physical evidence, in the denial of his motion for mistrial and in the overruling of his motion for directed verdict on the burglary count. Appellant also alleges the evidence was insufficient to support the verdict. Finding merit in none of the appellant's contentions, we affirm.

In Warner Robins on the evening of September 18, 1977, appellant and Edward Robitzach, a co-defendant, forced their way into a trailer occupied by Dennis Taylor. Visiting Taylor that night were two other men and a woman. While appellant brandished a knife, his cohort raped and sodomized the woman. Appellant then forced two of the men to perform oral sex on one another. During the ordeal all four victims were physically abused by appellant and his accomplice. On leaving the trailer, the perpetrators both threatened to kill the four victims if they called the police.

1. At trial appellant denied ever having threatened anyone. In rebuttal of that denial, the state elicited testimony showing appellant, at a preliminary hearing, had again threatened Dennis Taylor and another of the victims. Appellant moved for a mistrial, contending the testimony of another crime was prejudicial and

inadmissible. We find no error in the overruling of the motion. The relevancy of the testimony to show appellant's intent by terroristic threats to thwart successful prosecution for the criminal events occurring on the night of September 18, 1977, outweighed any jury prejudice which might have occurred. *Tuzman v. State,* 145 Ga. App. 761 (1) (244 SE2d 882) (1978). Also, the introduction of the testimony was a valid means of impeachment. The special ground of appellant's motion for new trial alleging the same ground is likewise meritless.

2. On finding appellant made the statements voluntarily and after having been informed of his constitutional rights, the trial court admitted testimony as to certain custodial statements by appellant. The finding made by the trial court after a Jackson-Denno hearing was not clearly erroneous, and therefore we will not disturb it. *Pierce v. State,* 235 Ga. 237 (3) (219 SE2d 158) (1975).

3. Appellant contends as error the admission of a photograph of one of the male victims, who died of unrelated causes before trial. The photograph was taken the day after the trailer episode and showed the victim with a black eye. We see no error. Appellant raised no objection to the admission of the picture. Also, the picture was relevant and appropriately admitted.

4. There was evidence showing that appellant entered the trailer without authority and with intent to commit a felony therein. Appellant's motion for directed verdict, asserting lack of any evidence showing those two elements of the crime of burglary, was properly overruled.

5. The general grounds are not argued and are therefore deemed abandoned. Nevertheless, on examination of the record, we find the evidence was sufficient to support the verdict.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED NOVEMBER 14, 1978 — DECIDED JANUARY 11, 1979.

*Theron Finlayson,* for appellant.

*Stephen Pace, Jr., District Attorney, Miriam D. Wansley, Assistant District Attorney,* for appellee.