57503. MORRIS v. THE STATE.

UNDERWOOD, Judge.
Appellant Morris was found guilty of two counts of aggravated assault. On appeal he enumerates five errors,

four of which relate to the court's denial of his right to cross examine a key prosecution witness.

Morris contends that the trial court erred in allowing Charlie Huff, the alleged victim of one of the assaults, to invoke the Fifth Amendment in response to questions asked on cross examination for impeachment purposes. After stating that he did not want to answer the question "Did you ever shoot anybody with it?" (a shotgun owned by the witness), Huff in fact answered that "No, I never have shot anybody with the gun." The trial court then stated that the witness had waived the privilege, but when the defense counsel said he wanted to inquire into Huff's answer, the trial court sustained an objection to such questioning and stated that the privilege was not waived.

Code Ann. § 38-1705 provides, in part, that "The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him . . ." It is erroneous to abridge the right of cross examination, and to do so is generally cause for the grant of a new trial. *Black v. Franklin Life Ins. Co.,* 133 Ga. 859, 869 (4) (67 SE 79) (1909). It is error requiring the grant of a new trial to deny a party the right to cross examine witnesses as to vital issues concerning which they have testified on direct examination. *Harrison v. Regents of the University System of Ga.,* 99 Ga. App. 762 (109 SE2d 854) (1959). However, "the trial judge has discretion to control the scope and manner of cross examination and this discretion will not be curtailed absent some clear abuse." *Redd v. State,* 141 Ga. App. 888, 891 (6) (234 SE2d 812) (1977); *Wanzer v. State,* 232 Ga. 523, 529 (207 SE2d 466) (1974). We do not believe the record shows a "clear abuse" by the trial judge.

In Morris' last enumeration of error, he contends the trial court erred by not instructing the jury concerning evidence of a State witness' bad character for violence as affecting his credibility. Code Ann. § 38-1804 provides, in pertinent part, that "A witness may be impeached by evidence as to his general bad character. The impeaching witness should be first asked as to his knowledge of the general character of the witness, and next as to what that character is, and lastly he may be asked if, from that

character, he would believe him on his oath . . ." The defense laid no foundation, as set forth above, for attacking the credibility of Huff. Thus, it was not error to fail to give an instruction on Huff's credibility, and this enumeration is without merit.

*Judgment affirmed. Banke, Acting P. J., and Carley, J., concur.*

SUBMITTED MARCH 6, 1979 — DECIDED MAY 23, 1979.

*C. P. Brackett, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.