## 60131. MILLER v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of armed robbery.

1. Appellant enumerates error upon the introduction into evidence of his confession, contending that the state failed to prove it was freely and voluntarily given. This argument is without merit. A Jackson v. Denno hearing was conducted outside the presence of the jury to determine the voluntariness of appellant's confession. During that hearing evidence was adduced which amply supports the finding that appellant's confession was freely and voluntarily given. *Senior v. State,* 237 Ga. 656 (229 SE2d 426) (1976). We find no merit in appellant's argument that his confession is inadmissible because he had only an eleventh grade education and was, at that, a "dumb" student. *Goodwin v. State,* 236 Ga. 339, 342 (1) (223 SE2d 703) (1976). Nor does the fact that no signed waiver was obtained from appellant militate against the finding that his confession was freely and voluntarily given. *Stovall v. State,* 236 Ga. 840 (225 SE2d 292) (1976).

2. Appellant's confession contained the following statement: "Well, we was just out for a Friday night ride, you know, 'copping a buzz.' Of course, you found the 'pot' in the car. It was less than an ounce of 'pot.' We were just smoking a little bit. We were just riding the road ..." When this part of appellant's statement was read to the jury, he objected and moved for a mistrial, contending that the reference to drugs had placed his character into evidence. The motion for mistrial was overruled and appellant urges that this was error. We do not agree. *Dampier v. State,* 245 Ga. 427, 433 (10) (265 SE2d 565) (1980).

3. In his third enumeration of error, appellant asserts that the trial judge erred in denying appellant the thorough and sifting cross examination to which he was entitled under the provisions of Code Ann. § 38-1705. "It is true that the right to a thorough and sifting cross examination may not be abridged. [Cits.] But the permissible scope of cross examination is not unlimited. [Cit.] 'The scope of the cross examination rests largely within the discretion of the trial

judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused.' [Cits.]" *Jones v. State,* 135 Ga. App. 893, 897 (219 SE2d 585) (1975). After our review of the record in this case, we find no clear abuse of the trial court's discretion to control the scope and manner of cross examination. *Morris v. State,* 150 Ga. App. 94 (256 SE2d 674) (1979); *Crawford v. State,* 154 Ga. App. 362 (268 SE2d 414) (1980).

4. Arguments that the court and the assistant district attorney misstated the law on voluntariness of confessions to appellant's prejudice are totally without merit. The portions of the transcript cited by appellant in support of this argument, most of which occurred outside the presence of the jury, demonstrate that the alleged prejudicial statements are merely colloquies between counsel and the judge in which an accurate portrayal of the duties and responsibilities of the police to give the Miranda warnings was presented. These colloquies can in no way be construed as statements or intimations that a confession made after the Miranda warnings are given is ipso facto freely and voluntarily given. Miranda establishes an unvarying, objective standard for the police to follow in interrogating suspects which remains unchanged under the "totality of the circumstances." Whether, after the Miranda warnings are given, the waiver of those rights was free and voluntary depends upon the "totality of the circumstances." *Pierce v. State,* 235 Ga. 237, 239 (219 SE2d 158) (1975). A review of the entire transcript reveals beyond question that appellant was afforded every opportunity during the Jackson v. Denno hearing and before the jury to present all relevant evidence concerning the adequacy of the officer's compliance with Miranda, the waiver of those rights and the "totality of the circumstances" surrounding the statement. Compare *Pierce v. State,* 238 Ga. 126 (231 SE2d 744) (1977). The question of whether appellant's confession was voluntary was submitted to the jury on proper instructions. There was no error. *Murray v. State,* 148 Ga. App. 639 (1) (252 SE2d 68) (1979).

5. The indictment charged that appellant "did with intent to commit theft take $1109 in lawful United States monies of the value of $1109 of the property of Jean Grimm from the person and immediate presence of Jean Grimm . . ." At trial it was established that Ms. Grimm was the desk supervisor and relief auditor employed at the Holiday Inn where the armed robbery occurred and was so engaged when confronted with the armed robbers and forced to give them the money in the hotel cash register. At the close of the state's evidence, appellant moved for a directed verdict of acquittal contending that the money taken in the robbery was the property of the Holiday Inn and not Ms. Grimm as alleged in the indictment. His

motion was overruled and appellant enumerates this as error. This contention is without merit. " ' "In an indictment for robbery, ownership of the property taken may be laid in the person having actual lawful possession of it, although he may be holding it merely as the agent of another, and it is not necessary to set forth in the indictment the fact that the person in whom the ownership is laid is holding it merely as agent of the real owner." [Cit.] . . . ". . . [O]ne charged with larceny will not be heard 'to raise nice and delicate questions as to the title of the article stolen.' " ' [Cit.]" *Cline v. State,* 153 Ga. App. 576, 577 (266 SE2d 266) (1980).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JUNE 17, 1980 — DECIDED
SEPTEMBER 5, 1980.

*James C. Wyatt,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.