63820. DAVIS v. THE STATE.

DEEN, Presiding Judge.

This appeal follows the retrial of two counts of armed robbery. For reversal of appellant's prior conviction see *Davis v. State,* 159 Ga. App. 356 (283 SE2d 286) (1981).

1. In his first enumeration of error, appellant contends that the trial court erred in permitting state's exhibit 6, a waiver of rights form signed by the defendant, to go out with the jury over his objection. The defendant did not testify.

We find no merit in this enumeration. Such waivers are admissible in evidence. *Allen v. State,* 231 Ga. 17 (200 SE2d 106) (1973). In *Royals v. State,* 208 Ga. 78, 81 (65 SE2d 158) (1951), the court held that " '[t]he jury should not be permitted to take with them for consideration in the jury room, depositions, dying declarations, confessions or written statements of the defendant, or other instruments of evidence depending for their value on the credibility of the maker.' " See also *Shedden v. Stiles,* 121 Ga. 637 (49 SE 719) (1904) (interrogatories); *Strickland v. State,* 167 Ga. 452 (145 SE 879) (1928) (dying declarations); *Walker v. State,* 215 Ga. 128 (109 SE2d 748) (1959) (confession). The defendant, however, must make a valid objection to permitting such evidence to be taken to the jury room. *Sanders v. State,* 246 Ga. 42 (268 SE2d 628) (1980). In the

present case, the defendant signed a preprinted form which contains a "statement of rights" and signed below that portion of the form entitled "acknowledgment and waiver of rights." Such a preprinted form does not contain testimony in the same way as interrogatories, confessions or dying declarations. In those cases, the court has held that allowing such statements into the jury room places undue emphasis upon the testimony contained therein. That situation does not exist with a preprinted waiver of rights form. The evidence showed that the waiver was voluntarily signed by the defendant and its only importance can be that he was fully informed of his rights when he signed the document. We find no error.

2. The trial court did not abuse its discretion by failing to sustain an objection to an alleged leading question. The witness was asked "Does that mean that defendant would not have left any fingerprints there or whoever the robber was . . ." Under Code § 38-1706, the trial court has discretion, in circumstances where justice requires it, to permit a witness to be asked leading questions on direct examination. In the present case, however, the question appears to be merely a slip of the tongue which was immediately corrected by the district attorney. As appellant has made no showing of how this question harmed him, we hold that his enumeration is without merit.

3. Appellant's remaining enumerations contending that it was error to deny his motions to suppress the pre-trial and in-trial identifications and certain tangible evidence have been ruled adversely to his position in *Davis v. State,* supra. Both victims of the robbery made positive identification of him at trial.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 5, 1982 —
REHEARING DENIED APRIL 23, 1982— ▋

*Roger J. Dodd,* for appellant.
*H. Lamar Cole, District Attorney, Fred R. Simpson, Assistant District Attorney,* for appellee.