## 41369. SIMON v. THE STATE.
### (324 SE2d 455)

CLARKE, Justice.

James "Gene" Simon was convicted of the murder of William "Bum" Phillips on January 13, 1984.[1] Simon and Phillips were wood producers for Moultrie Pulpwood in Moultrie, Georgia. They began to quarrel in the office of the manager, Mills, over a salary advance which Simon had received December 19 and which now had to be repaid. Simon argued that Phillips had received part of the advance and was responsible for at least half of the repayment. Mills told them to take their quarrel outside, which they did.

As Phillips stood beside Mills' pickup truck in the yard, several witnesses saw Simon pull a pistol out of his pocket and shoot Phillips. Phillips died that night in the hospital.

Simon's defense was based on justification. He claimed that Phillips had threatened him and that he shot only after he saw Phillips reach into the pickup truck. He testified that he never saw Phillips' hand again after he reached into the truck. Witnesses testified that Phillips had no weapon of any kind, that he made no move toward Simon, and that there was no weapon within his reach.

Simon's appointed counsel has filed an Anders motion in this court. After a thorough review of the record we conclude that the motion should be granted and the attorney allowed to withdraw. Further, the conviction of Simon should be affirmed.

1. Several eyewitnesses saw Simon actually shoot the victim. They testified that the victim had no weapon. The evidence supports the verdict of guilty of murder under the standard set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781,. 61 LE2d 560) (1979).

---

[1] The shooting of William Phillips occurred on January 13, 1984. Simon was indicted April 4, 1984, and convicted May 16, 1984. He filed his notice of appeal June 12, 1984. The transcript of evidence was filed July 24, 1984. The record was docketed in this court on July 24, 1984, and the case submitted for decision on September 7, 1984.

2. Simon's counsel at trial objected to the admission of two photographs of the body of the victim taken at a funeral home. Photographs which are material and relevant to any issue are admissible even though they are duplicative and may inflame the jury. *Ramey v. State*, 250 Ga. 455 (298 SE2d 503) (1983). These are not photographs which depict the body after autopsy incisions were made or after the state of the body was altered in some way. Therefore, admission of these photographs, which are relevant to the issue of identification of the victim, was not error. *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983).

3. The district attorney in examining a witness as to his prior statement refreshed his recollection by pointing to a specific line in the statement. There was no error in the court's allowing the witness to testify after his memory was thus refreshed. OCGA § 24-9-69; *Green v. State*, 242 Ga. 261 (249 SE2d 1) (1978), rev'd on other grounds, 442 U. S. 95 (1979).

4. There was no error in the court's allowing the waiver of rights form to go out with the jury. *Allen v. State*, 231 Ga. 17 (200 SE2d 106) (1973), cert. denied in 414 U. S. 1159 (1974); *Davis v. State*, 162 Ga. App. 190 (290 SE2d 124) (1982); *Hill v. State*, 144 Ga. App. 259 (241 SE2d 44) (1977).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 1985.

*Shore & Fowler, Larkin M. Fowler, Jr.,* for appellant.
James Simon, *pro se.*
*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.