## S96A0955. RAY v. THE STATE.
(471 SE2d 887)

HUNSTEIN, Justice.

Lance Ray was convicted of malice murder in the stabbing death of Ilene Ray, his wife, and was sentenced to life in prison.[1] Ray appeals, contending that the trial court erred by admitting a videotape

---

[1] The crime was committed on March 10, 1993. Ray was indicted on April 12, 1993 in Douglas County. He was found guilty on September 3, 1993, following a jury trial. His motion for new trial was filed September 7, 1993, amended on January 26, 1996, and denied on February 14, 1996. A notice of appeal was filed on February 16, 1996; this appeal was docketed on March 12, 1996 and submitted for decision without oral argument on May 6, 1996.

which showed the police moving the victim's body at the crime scene. Finding no error in the admission of the videotape, we affirm.

1. Following a viewing of the videotape outside the presence of the jury, appellant objected to showing the movement of the body and the associated sounds. Appellant proposed that the prosecution eliminate the sound, stop the videotape before the body was turned over, excuse the jury, advance the videotape outside their presence, and then recall the jury and show the repositioned body. The prosecution agreed and that procedure was followed. Any arguable error was self-induced and cannot be grounds for reversal. *Sullens v. State*, 239 Ga. 766 (2) (238 SE2d 864) (1977). Furthermore, videotapes are generally admissible with the same limitations and on the same grounds as photographs. *Bullard v. State*, 263 Ga. 682 (5) (436 SE2d 647) (1993). Videotapes, like still photographs, are admissible when relevant to an issue, even if inflammatory. *Simon v. State*, 253 Ga. 681 (2) (324 SE2d 455) (1985). The videotape was material and relevant to the issue of the position of the victim's body when she was killed and appellant's claim of self-defense. Accordingly, we find no merit in his sole enumeration of error.

2. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found appellant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 1, 1996.

*Jill L. Anderson, Mary Erickson,* for appellant.
*David McDade, District Attorney, Michael J. Bowers, Attorney General, Wesley S. Horney, Assistant Attorney General,* for appellee.