### A97A2247. HERNDON v. THE STATE.
(494 SE2d 262)

BIRDSONG, Presiding Judge.

Joseph Andre Herndon appeals his conviction of criminal attempt to commit armed robbery, aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. He enumerates 12 errors. *Held*:

1. The trial court never ruled whether appellant was denied his right to counsel, at a critical stage of the criminal process, that is, at arraignment. This enumerated constitutional error, as crafted, is not preserved on appeal. *Whatley v. State*, 196 Ga. App. 73, 75 (1) (395 SE2d 582). Further, the trial court ruled that appellant's motion raising this issue was untimely; this specific ruling has not been enumerated as error. Compare *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522).

2. Appellant asserts the trial court erred in refusing to dismiss the indictment based on the State's failure to provide proper notice of arraignment. See generally *Presnell v. State*, 159 Ga. App. 598 (284 SE2d 106); *Hicks v. State*, 145 Ga. App. 669 (244 SE2d 597). Examination of those pages of the record cited by appellant fails to reveal that appellant made a specific objection in proper form as to lack of timely notice; this issue is not preserved for appellate review. See *Unden v. State*, 218 Ga. App. 463, 465 (4) (462 SE2d 408). Moreover, this Court will not cull the record on behalf of a party in search of error. *Talley v. State*, 200 Ga. App. 442, 446 (4) (408 SE2d 463).

3. Appellant asserts the trial court abused its discretion in failing to allow him to "opt in" to statutory discovery provisions (OCGA § 17-16-1 et seq.). Assuming without deciding such an abuse occurred, appellant nonetheless must establish prejudice to obtain conviction reversal; both error and harm must be affirmatively shown by the record to authorize a reversal on appeal. *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901). Appellant does not assert that any relevant information was withheld from him throughout the course of the trial which would have, in any specific manner, affected the outcome of his case. Rather, he merely asserts he was prevented from pretrial access to certain discovery information, regarding witness statements, investigative reports and four similar transaction incidents, and makes the bare claim that no "meaningful assessment of the evidence could be made and preparations of arguments concerning dissimilarities could be properly con-

sidered," thereby denying appellant due process of law. This Court will not speculate whether any belated discovery deprived appellant of his right to a fair trial; appellant failed to carry his appellate burden of establishing how he has been harmed by the trial court's ruling. *Robinson*, supra. Also, under the circumstances here attendant and in view of the overwhelming evidence of appellant's guilt, any error in denying appellant pretrial discovery was harmless as it is highly probable that such ruling did not contribute to the verdict. Compare *Coney v. State*, 198 Ga. App. 272 (1) (401 SE2d 304).

4. Appellant asserts the trial court erred in admitting the deposition of the robbery victim as he was denied his right to a thorough and sifting cross-examination of the alleged victim during the taking of the deposition pursuant to OCGA § 24-10-130. The deposition commenced, the State completed its direct examination, and the defense commenced cross-examination asking over 160 questions. Subsequently, the victim became ill, and she and her husband requested the prosecutor to terminate the deposition. At trial, the victim's doctor confirmed that it was his medical opinion that the victim should not testify at trial, as it posed an unacceptable risk to her health and that of her unborn baby. The trial court ruled that the witness was not totally unavailable as she had given direct and partial cross-examination testimony at the deposition and that she was not "totally unavailable right now." The trial court then considered whether the deposition could be recommenced under court-controlled conditions (see, e.g., OCGA § 24-10-130 (g); Ga. Const. of 1983, Art. VI, Sec. I, Par. IV). Appellant, however, objected to the recommencement of the deposition. After the trial court ruled that the uncompleted deposition was admissible and granted appellant's objection to the recommencement of the deposition, appellant attempted to withdraw his objection. Appellant's counsel contended at trial that she had witnessed the victim responding to signals from her husband who was present at the deposition, and that appellant was denied the opportunity to explore such bias and prejudice by the premature termination of the deposition. Although we recognize that curtailment on cross-examination of an accused's opportunity to test a witness thoroughly for bias and prejudice may result in error, under the unusual facts attendant this case, appellant's remedy was not to have the entire deposition stricken but to have it recommenced under court supervision. By objecting to the recommencement of the deposition, appellant aided in bringing about the trial court's ruling. It is a well-settled appellate rule that one cannot complain of a ruling of or trial procedure utilized by the trial court which the party's own trial tactics or conduct procured or aided in causing. *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192), citing *Alexander v. State*, 200 Ga. App. 411, 412 (408 SE2d 485).

5. Appellant contends the trial court erred in admitting the deposition of the victim when the requirements of OCGA §§ 24-10-130 and 24-10-135 were not met. This enumeration is without merit.

(a) At a motion hearing, after asserting inter alia appellant's right to speedy trial and prior to the taking of the deposition, appellant's counsel expressly stated to the trial court: "[w]e're willing to waive our days notice. . . . If [the prosecutor] can provide me with an affidavit from his witness and from the doctor then I have absolutely no objection at all to the taking of the deposition at any time convenient to the prosecutor and myself." The affidavits were obtained and the deposition scheduled. At the deposition, appellant's counsel stated: "If I may put on the record, we have agreed to take this deposition pursuant to the new Georgia criminal discovery statute, 24-10-130." Appellant thereafter participated voluntarily in the taking of the deposition until the victim became ill and the deposition was prematurely terminated. Assuming without deciding the statutory procedures were not adequately complied with, self-induced error cannot be a ground for reversal. *Ray v. State*, 266 Ga. 896, 897 (1) (471 SE2d 887). Further, appellant's own trial tactics and conduct procured or aided in causing the taking of this deposition. See *Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309).

(b) As appellant has asserted two errors in a single enumeration contrary to OCGA § 5-6-40, we elect not to address his claim that the deposition was taken contrary to the requirements of OCGA § 24-10-135. *Robinson v. State*, 200 Ga. App. 515, 518 (2) (408 SE2d 820). Further this error was induced and aided by appellant's own tactics and conduct. *Ray*, supra; *Williams*, supra.

6. Appellant did not receive certain evidence, which he deems exculpatory, until trial. There is no *Brady* violation when the information sought becomes available to the accused at trial. *Burgeson v. State*, 267 Ga. 102, 104 (2) (475 SE2d 580).

7. The trial court did not err in admitting evidence of three similar transactions; the foundation requirements of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) were met. " 'Even where the defendant is not identified positively as the perpetrator of the independent crime, circumstantial proof may be used to establish his connection to it,' " allowing the admission of the evidence for jury consideration under appropriate instructions. *Hefner v. State*, 224 Ga. App. 612, 614 (2) (481 SE2d 599).

8. The trial court did not abuse its discretion in admitting in evidence a videotape of a police detective's interview of the victim prior to trial. The victim had testified by way of deposition, and although the deposition was terminated prior to its completion, according to appellant's contentions on appeal, the remaining unaccomplished cross-examination primarily would have focused on questions per-

taining to the victim's bias and prejudice and as to the conflicting testimony of other witnesses regarding the way the perpetrator was dressed. Rules of evidence being framed with a view to facilitate the discovery of truth, OCGA § 24-1-2, under the attendant circumstances, the videotape could be introduced to bolster the victim's deposition testimony admitted at trial; the requisite safeguards for such admission were substantially complied with in this case. See *Alford v. State*, 224 Ga. App. 451, 455 (2) (480 SE2d 893). Moreover, in addition to the victim's deposition testimony, appellant cross-examined the detective in detail regarding the victim's pretrial statements and, in initially objecting to the admission of the videotape, characterized it as being "duplicative of the testimony taken in the deposition." Admission of evidence, even if erroneous, constitutes harmless error where substantially similar facts are admitted in evidence. See *Scott v. State*, 206 Ga. App. 23, 26 (1) (c) (424 SE2d 328).

9. The trial court did not err in charging that a handgun is a firearm under Georgia law. OCGA § 16-11-106 (b) contains no requirement that the State must prove that the firearm be capable of being fired. *Smith v. State*, 214 Ga. App. 631, 633 (4) (448 SE2d 906). "Proof the gun was functional was not required on the weapons charges." *Thomas v. State*, 226 Ga. App. 441, 443 (4) (487 SE2d 75) (possession of firearm during commission of a crime; possession of firearm by convicted felon).

10. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of all of the offenses of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

11. The aggravated assault offense merged into the criminal attempt to commit armed robbery offense. Appellant was charged with the offense of criminal attempt to commit armed robbery in that he "entered the premises of Blimpie's, brandished a .22 pistol at Hina Patel, and demanded money." He also was charged with aggravated assault, at the same date and place in that he did "make an assault upon the person of Hina Patel, with a .22 pistol, a deadly weapon, by pointing said pistol at Hina Patel and threatening to shoot her." The victim testified, by way of deposition, that appellant entered the store and, following a brief conversation about the store's specials, "[appellant] pull out the gun and he doing like this and he told me like give me all the money or I'm going to shoot you." The victim

stated she could not open the register and ran to the back of the store, whereupon appellant fled the crime scene. The victim further testified that the appellant, after asking for the store special, took out the gun and "he just put [it] like this." (Note: The record does not describe what type of motions appellant was making with the gun when he was "doing like this" and when "he just put [it] like this.") The victim, however, clarified that during this sequence of events the appellant asked her for money and said, "[g]ive me all the money otherwise I'm going to shoot you." The victim made a pretrial videotaped statement to the police in which she stated that, after appellant entered the store and inquired about the special, "he take out gun and I see gun . . . and he explain leave me all the money or I'm going to shoot you otherwise." This evidence does not establish that appellant first brandished the pistol and subsequently pointed the pistol at the victim during the course of two separate criminal acts. Rather, the facts establish only that appellant entered the store, pulled out the pistol, pointed the pistol at the victim, threatened her life and demanded money.

The cases cited by the State are factually distinguishable and not controlling. As "the same facts were used both to prove attempted armed robbery and aggravated assault," the aggravated assault conviction does in fact merge with the criminal attempt to commit armed robbery. *Hambrick v. State*, 256 Ga. 148, 150 (4) (344 SE2d 639); compare *Redding v. State*, 193 Ga. App. 50, 52 (4) (386 SE2d 907). The aggravated assault conviction must be set aside and appellant resentenced. *Hambrick*, supra at 151.

12. Appellant was convicted on February 28, 1997; his trial counsel filed a notice of appeal on March 14, 1997, and an amended notice of appeal on March 25, 1997. A new appellate counsel was appointed and entered appearance on April 25, 1997. New counsel filed a second amended notice of appeal on April 28, 1997, which did not affirmatively assert the issue of inadequacy of counsel; the issue was raised for the first time in appellant's enumeration of errors and appellate brief. Compare *Murray v. State*, 261 Ga. 824, 825 (2), n. 2 (413 SE2d 453). It would appear that new counsel, consistent with the necessity for raising an inadequacy claim at the first available opportunity, should have filed a motion for stay of direct appeal and, if appropriate, requested remand to the trial court for a hearing of the inadequacy issue. Cf. *Atkinson v. State*, 170 Ga. App. 260 (1) (316 SE2d 592). Henceforth, in like circumstances, we will require such a procedure. However, in the interest of justice, we will remand this case to the trial court with direction that a hearing be conducted as to appellant's inadequacy claims. Compare *Concepcion v. State*, 200 Ga. App. 358, 362 (7) (408 SE2d 130). Following the trial court's disposition of this issue, appellant shall have 30 days in which to initiate an appeal

of the trial court's ruling pertaining thereto. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV.

   *Judgment affirmed in part and reversed in part; case remanded with direction. Ruffin and Eldridge, JJ., concur.*

DECIDED NOVEMBER 18, 1997.

*Virginia W. Tinkler,* for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney,* for appellee.