(90 South. 52)

## WOODS v. STATE. (8 Div. 777.)

(Court of Appeals of Alabama. April 19, 1921.)

**1. Criminal law ⚖=670—Refusal to allow answer not erroneous, in absence of offer of proof.**

To put the trial court in error in declining to allow a question to be answered, it must have been suggested what it was proposed to prove, and how it would be relevant and competent, unless the question in itself gave such information.

**2. Witnesses ⚖=240(6)—Question held leading.**

In a prosecution for carrying a concealed pistol, an objection to a question, asked of defendant's witness on direct examination, "Isn't it a fact that Mr. T. C. W. told you last spring, before the grand jury met in March, that he was going to get five true bills against this defendant, * * * and that he wanted you as a witness, and if you did not tell the truth he would twist your tail?" was properly sustained, the question being leading.

**3. Criminal law ⚖=814(18), 815(10), 829(16)—Refusal of charge as to effect of witness' unfriendliness toward defendant held proper.**

In a prosecution for carrying a concealed pistol, the court did not err in refusing a requested charge that any witness' unfriendliness toward defendant might be considered in determining whether he was testifying to the truth; such charge being abstract and pretermitting a consideration of the evidence, and the court having fully charged the jury on bias or interest shown by any witness.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Gilbert Woods was convicted of carrying a concealed pistol, and he appeals. Affirmed.

W. H. Long, Jr., of Decatur, for appellant.

The court erred in excluding the evidence of the state witness Waugh as to both questions asked. 82 Ala. 47, 2 South. 765; 160 Ala. 30, 49 South. 810; 11 Ala. App. 233, 65 South. 855; 2 Enc. of Ev. 406–408. On the same authority the court erred in refusing the charge requested.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

---

SAMFORD, J. [1] On the cross-examination of Waugh, a witness for the state, defendant's counsel asked this question:

"Isn't it a fact that you tried to get other indictments besides this one against this defendant last spring, at the spring term of the grand jury, in March or April?"

Objection was made to this question, and sustained by the court, and exception taken. There was no statement by defendant's counsel as to what he expected the answer to be. To put the trial court in error in declining to allow a question to be answered, it must have been suggested to the court what it was proposed to prove, and how it would be relevant and competent, unless the question in itself gave such information. 1 Michie's Dig. 353, § 205. In this instance presentments to the grand jury may have been made in perfect good faith.

[2] The question propounded to Turney, a witness for defendant, by defendant's counsel:

"Isn't it a fact that Mr. T. C. Waugh told you last spring, before the grand jury met in March, that he was going to get five true bills against this defendant at the spring term of said grand jury, and that he wanted you as a witness, and if you did not tell the truth he would twist your tail?"

—was leading, and for that reason, if for no other, the objection to the question was properly sustained.

[3] The defendant in writing requested the court to give this charge:

"I charge you, gentlemen of the jury, if any witness in this case convinces you that he or she is unfriendly towards the defendant, it is a circumstance you may look to in determining whether or not he or she is testifying to the truth."

This charge, in addition to being abstract, pretermits a consideration of the evidence. Moreover, the court charged the jury fully on bias or interest that might have been shown by any witness in testifying in the case. The other exceptions are not insisted upon, and, while we have considered them, they are without merit.

There is no error in the record, and the judgment is affirmed.

Affirmed.