164 So. 896

## ENDSLEY v. STATE.
### 8 Div. 127.

Court of Appeals of Alabama.
Nov. 26, 1935.

Watts & White, of Huntsville, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws and Silas C. Garrett, III, Asst. Attys. Gen., for the State.

RICE, Judge.

Appellant and one Ernest McLaughlin had a vicious fight on a "country road" at about 8 o'clock one night. During the course of the fight, McLaughlin was rather severely cut with a pocket knife wielded by appellant. There seems no room to doubt that at the time of the actual cutting McLaughlin was on top of appellant, pummeling him vigorously—whether with or without wooden "knucks" on his hand is not so clear.

■ The question of "who started the fight" was a seriously disputed one. The state's witnesses put the blame on appellant; the defendant and his witnesses placed it on McLaughlin. It was for the jury to decide.

It is true that "the right of cross-examination thorough and sifting, belongs to every party as to the witnesses called against him." Code 1923 and 1928, § 7731. And this privilege, of course, inures to the benefit of the state, in a criminal prosecution, just as to any other party.

■ But the above statutory provision falls very far short of changing another equally established principle of the law, i. e., that a witness may not be impeached on an immaterial matter.

■ Upon the trial of this case, the witness Mrs. G. E. Endsley gave important testimony on behalf of her husband, the defendant (appellant).

The court, over timely objections (due exception being reserved to the rulings), allowed her to be cross-examined by the solicitor as to statements made by her—and not necessarily in conflict with her testimony on the trial—not in the presence of the defendant, to others, expressing her opinion as to the gravity of the trouble between her husband and McLaughlin.

Whether or not it was permissible to allow these questions—considerable in number—to be put to this witness, under the terms of the Code section cited above (and, as a matter of fact, it was not), we entertain no doubt that it was error, and highly prejudicial, to allow the questions (over timely objections) put to the witnesses called to refute Mrs. Endsley's testimony that she had made no such statements. To us it seems entirely immaterial to the correct decision of any issue in the case as to whether she had or had not made the statements in question. And the procedure involved constituted in the clearest manner the "impeachment of the witness on an immaterial matter"—which is never proper. Baker v. State, 209 Ala. 142, 95 So. 467;

Ortez v. Jewett & Co., 23 Ala. 662. Appellant's conviction of the felony charged—assault with intent to murder—merely confirms our impression that the allowance of this illegal testimony was of prejudice to his cause.

The written requested and refused charge, about which complaint is made in brief filed here, seems to have been sufficiently covered in substance by charges given to the jury to render its refusal not improper. Code 1923, § 9509.

For the error(s) indicated, the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.