265 So.2d 883

In re Howard TURNER

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.

4 Div. 438.

Supreme Court of Alabama.

June 29, 1972.

98

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

Lee & McInish, Dothan, for respondent.

MERRILL, Justice.

The defendant was convicted of robbery and sentenced to twenty-five years in the state penitentiary. The Court of Criminal Appeals reversed the judgment on the ground that one of defendant's witnesses, Curtis Ward, was threatened with imprisonment, browbeaten and intimidated in the cross-examination by the district attorney.

The victim of the robbery testified that he got in an automobile with the defendant and one Willie Mae Higgins, that they drove out on a county road and the defendant forcibly took $240.00 from him and left him by the side of the road. The victim came back to Dothan and reported the robbery and the tag number of the automobile to the police.

The defendant relied on an alibi for a defense and the witness Ward supported his claim of alibi on direct examination.

On cross-examination, after some questions about time and places, the following occurred:

"Q    Now.  Curtis Ward, you know that you are under oath?

"A    Yes, sir.

"Q Do you know what perjury is?

"A What is it?

"Q If you tell something that is not true in answer to a question that I am fixing to ask you, it's perjury. Do you know that?

"A No, I didn't.

"Q Do you know that for telling something that is not true after you are under oath that you can go to the penitentiary for twenty years?

"A I didn't know that.

"MR. HERRING: Judge, that is a legal point to be—

"MR. BAXLEY: Your Honor, this is cross examination.

"MR. HERRING: Well, the District Attorney is—

"THE COURT: It is cross examination and I will allow him to go into it.

"MR. HERRING: Well, I move that the Court inform the witness of the perjury business.

"MR. BAXLEY: We would like for the Court to inform him as to perjury, yes, sir.

"THE COURT: Give me the Statute. Now, under our law of Alabama, the Statute says, 'That any person who wilfully and corruptly swears or affirms falsely or corruptly procures another to so swear or affirm in regard to any material matter or thing on the trial of any person under an indictment for a felony shall on conviction be imprisoned in the penitentiary for not less than three nor more than twenty years.' Do you understand that?

"A I do.

"THE COURT: All right. If you understand that, go ahead.

"Q Now, Joe Curtis, actually what happened, when you all came back, this defendant and Willie Mae Higgins came over to that house and told you all that they had robbed that old man, didn't they?

"A Not as I know of.

"Q You did not hear him come over there and tell you they had robbed the old man?

"A No, sir, I didn't.

"Q Don't you know that you all went in there to that bedroom and counted that money out on the bed, you and Gwen and he and Willie Mae Higgins and you stood there and watched it? Remember what the Judge told you. Didn't you see him count that out?

"THE COURT: Answer his question.

"Q Answer my question! Did you see them come in there and count out that money on the bed? You stand there and watch those two count $240.00 out?

"A I didn't see no $240.00.

"Q Did you see them count the money in there?

"A I seen them count some money.

"Q And he told you they robbed that man right then, didn't he?

"A He—

"Q In front of all of those people? Didn't he?

"A Right."

The witness was not examined further by either side and was excused.

■ At the outset, we cannot agree that there was any threats, browbeating or intimidation of the witness Ward.

"The right of cross-examination thorough and sifting belongs to every party

**100**

as to the witnesses called against him. * * *" Tit. 7, § 443, Code 1940. The privilege conferred by this section inures to the benefit of the state in a criminal prosecution. Endsley v. State, 26 Ala.App. 605, 164 So. 396; White v. State, 41 Ala. App. 54, 123 So.2d 179.

 Here, the witness Ward did not know what perjury was, or the penalty for perjury, and his own counsel requested the trial court to "inform" the witness. The trial court complied with the request and in doing so committed no reversible error. But when it became evident that the district attorney seemed to know about the counting out of the $240.00 on the bed after the robbery, the witness admitted that he was present when it happened.

█ The latitude and extent of cross-examination, of necessity, is a matter within the sound discretion of the trial court, and, in the absence of prejudicial abuse, it is not reviewable on appeal. State v. Ryan, 281 Ala. 444, 203 So.2d 681; Bridges v. State, 284 Ala. 412, 225 So.2d 821. We find no prejudicial abuse of discretion.

There is another reason why there was no error. There was no objection. We note that counsel on appeal did not participate in the trial.

█ The purpose of objection and exception is to challenge the correctness of the action of the court so that such action may be corrected by the court itself, if deemed erroneous, and to lay the foundation for review, if necessary, by the appellate tribunal. Without such objection, the trial court ordinarily has the right to assume that its action is acquiesced in and free from error. Knight v. State, 273 Ala. 480, 142 So.2d 899; Haygood v. State, 252 Ala. 3, 38 So.2d 593.

Finally, as a matter of interest, the only witness called by the State in rebuttal was the co-defendant, Willie Mae Higgins. Her attorneys were present and she stated that she wanted to testify. She also testified to the division of the money and stated that she received only $40.00 of the $240.00.

We do not think that the facts in Malone v. State, 16 Ala.App. 185, 76 So. 469, or Headley v. Harris, 196 Ala. 520, 71 So. 695, cited and quoted in the opinion of the Court of Criminal Appeals, are sufficiently near to the instant case to make either of those cases apt authority.

The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.