The appellant was indicted and convicted for unlawfully selling, furnishing, or giving away pentobarbital in violation of the Alabama Uniform Controlled Substances Act. Alabama Code §§ 20-2-1 through 20-2-93 (1975). The trial judge fixed sentence at ten years' imprisonment.
The facts reveal that in the early evening of February 24, 1977, Steven Corvin, an undercover agent assigned to the United Narcotics Detail Operation (UNDO), drove with Mike Lund to the appellant's house. Corvin gave Lund $160.00 of UNDO funds with which to make the purchase. Lund got out of the car and approached the appellant who was sitting on the front porch in a swing. Corvin saw Lund hand the appellant the money, and the appellant hand Lund a white envelope which contained 142 capsules later determined to constitute pentobarbital.
 I
The appellant first alleges that the State failed to prove the capsules actually contained pentobarbital, an element necessary to sustain his conviction. This allegation is without merit. A copy of the toxicology report on the capsules was admitted without objection. The laboratory results on the report indicated that the 142 capsules did, in fact, contain pentobarbital.
Identification of a controlled substance by a State toxicologist is, of course, sufficient to constitute a prima facie case. Hagendorfer v. State, 348 So.2d 1097 (Ala.Cr.App.), cert. denied, 348 So.2d 1101 (Ala. 1977). Reports of a State toxicologist and copies thereof are public records which are likewise admissible when offered into evidence. Seals v. State,282 Ala. 586, 604, 213 So.2d 645 (1968); Alabama Code §12-21-35 (1975); also see Alabama Code § 36-18-2 (1975). Thus, the admission of the toxicologist's report in this case was sufficient to show that the controlled substance was pentobarbital as charged in the indictment.
The trial judge charged the jury that "pentobarbital is a controlled substance". This charge was proper. See Cole v.State, 352 So.2d 17, 20 (Ala.Cr.App.), cert. denied,352 So.2d 20 (Ala. 1977). Moreover, defense counsel specifically stated he had "no objections" to the court's oral charge.
 II
The appellant next contends he was prejudiced by the State injecting into evidence a previous drug sale by the appellant and a knife-gun altercation between the appellant and Corvin at a methadone clinic unrelated to the present charge. Both the previous drug sale and the meeting between the appellant and Corvin at the methadone clinic were initially put into issue by the defense.
The appellant's father testified on direct examination, and in response to defense counsel's eliciting such information, that his son had never sold "dope" out of his house. On cross examination the State was properly allowed to question the witness about a prior and unrelated sale of drugs made by his son "out of his house".
Also, on direct examination and in response to the questions of his own counsel, the appellant testified that he had never seen Agent Corvin before "this past summer" when he saw him at the methadone clinic. On cross examination the State was properly allowed to go into the details of *Page 317 
that meeting and of a prior meeting to impeach the credibility of the appellant and rebut his testimony.
Even though a party introduces evidence that may be immaterial or illegal, his opponent has the unconditional right to rebut such evidence. Clark v. State, 54 Ala. App. 183, 186,306 So.2d 51, cert. denied, 293 Ala. 749, 306 So.2d 54 (1974);Sanders v. State, 48 Ala. App. 589, 266 So.2d 797 (1972); Alabama Code § 12-21-137 (1975); C. Gamble, McElroy's AlabamaEvidence, § 14.01 (3rd ed. 1977). The privilege of cross examination inures to the benefit of the State, in a criminal prosecution, just as to any other party. Endsley v. State,26 Ala. App. 605, 606, 164 So. 396 (1935). Thus the defense, by putting these matters into evidence, opened the door for the State to rebut such evidence.
We have searched the record for reversible error and have found none. The verdict is amply supported by the evidence. The judgment of the Circuit Court is due to be affirmed.
AFFIRMED.
All Judges concur.