The November 1984 term of the Montgomery County Grand Jury returned an indictment against appellant Robert Earl Turner for the offense of burglary in the first degree. On November 19, 1984, appellant was arraigned, at which time he entered pleas of not guilty and not guilty by reason of insanity.
On December 13, 1984, the case was tried by jury before the Honorable William R. Gordon, Circuit Judge, Fifteenth Judicial Circuit of Alabama. That same day, the jury returned a verdict of guilty of burglary in the third degree. The trial judge sentenced appellant to thirty years' imprisonment in compliance with the Habitual Felony Offender Act. This appeal followed.
Appellant presents two issues for our consideration on appeal. The first issue raised by appellant is whether he was clothed in appropriate clothes throughout the course of his trial. It appears that *Page 640 
appellant was escorted to the trial courtroom through the corridor of the courthouse where, according to appellant's trial counsel, prospective jurors were waiting for the procedure to begin. Appellant was clothed in prison clothes at the time he was escorted to the courtroom.
Appellant's counsel petitioned the trial court for a continuance based upon the aforementioned grounds prior to the actual trial beginning. The trial judge's response indicated that he acknowledged trial counsel's statement of the facts as being correct, but he denied the continuance. The trial judge stated that "it's my knowledge that the reason that happened is because the defendant refused to wear a jacket when he came down from the jail." (R. 137) The trial judge then informed appellant's trial counsel that he would pose a question to the venire which would, when answered, reveal any members of the venire that might have viewed the appellant being brought to the trial court. The trial judge also stated that the question would be fashioned in such a way so as not to reveal to the jury what the appellant was ultimately trying to guard against.
The record before us does not contain the voir dire examination of the venire in this case. Therefore, this court is not in a position to determine whether the question was posed by the trial judge.
Furthermore, we are not convinced that appellant received an unfair trial simply because prospective jurors might have observed him dressed in prison garb when he was brought into the courtroom.
It is axiomatic that the right to a fair trial is a fundamental right guaranteed by the Fourteenth Amendment of the United States Constitution. Our criminal justice system has long recognized the elementary principle of an accused's presumption of innocence until the trier of fact has pronounced the verdict. Under the American criminal justice system, guilt must be established by probative evidence and beyond a reasonable doubt.
The impact of potential jurors' viewing an accused in prison clothing cannot abstractly be measured. The identifiable attire of an accused may affect a juror's judgment. Therefore, every effort must be made to safeguard against any possible impairment of the presumption of innocence which is basic to our adversarial criminal justice system.
The case of Boswell v. Alabama, 537 F.2d 100 (5th Cir. 1976), is similar in facts to the case at bar. In Boswell, the principal issue presented for review by the Fifth Circuit Court of Appeals was whether the Boswell petitioner was tried before an impartial jury, since the petitioner had appeared before the jury venire the day before his trial commenced, clothed in prison garb, handcuffed, and chained. Boswell, at 102, held that "the fundamental right of an accused to the presumption of innocence is less endangered, and therefore less deserving of protection, at the pretrial juncture than at trial." Boswell goes on to hold that application of the principle that an accused will not receive a fair trial if the accused appears in prison garb is not amenable to per se rules: "Rather there must be case-by-case analysis within the analytical framework developed by the case-law and embracing the fundamental right involved." Boswell, at 102. In a footnote to the immediately preceding quote fromBoswell, the Court of Appeals stated: "Our research discloses no federal cases conceptualizing discrete standards governing a defendant's appearance in prison garb before the venire." Likewise, our research of the Alabama law has failed to turn up any cases on point.
Having concluded that an accused's right to a fair trial may be twarted where he is viewed by prospective jurors clothed in garments which display "physical indicia of guilt," we now turn our attention to deciding the issue at hand. In Estelle v.Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), the United States Supreme Court reasoned that the element of compulsion is crucial in deciding whether *Page 641 
an accused is deprived of due process when tried in identifiable prison clothing.
In the present case, appellant's counsel moved for a continuance prior to the beginning of appellant's trial. As stated earlier, the trial judge indicated that it was his knowledge that the prisoner/accused had refused to change clothes prior to being escorted to the courtroom.
Estelle v. Williams, supra, cited Hernandez v. Beto,443 F.2d 634 (5th Cir.), cert. denied, 404 U.S. 897, 92 S.Ct. 201,30 L.Ed.2d 174 (1971), which held that an accused "may not remain silent and willingly go to trial in prison garb and thereafter claim error." Hernandez, at 637. The accused must take any and all precautionary steps to eliminate any possible prejudice in order to later complain of prejudice. The majority in Estelle v.Williams concluded "that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury." Id. 425 U.S. at 508, 96 S.Ct. at 1695. Whether that was the intention of the appellant in the case at bar, we are not able to surmise, nor is it necessary.
After studying the record, giving particular attention to the comments of the trial judge, we conclude that the appellant refused to change into certain clothes prior to being escorted to the courtroom. That determination alone would be sufficient to uphold appellant's conviction. In the alternative, we should point out that the appellant failed to affirmatively show that the State compelled him to wear the prison garb. According toEstelle v. Williams, supra, such a showing must be made. Nowhere in the record is there any suggestion by appellant that he was compelled to wear the prison clothes.
For the reasons heretofore stated, the trial judge in appellant's case cannot be charged with reversible error for his denial of the requested continuance.
Second, appellant maintains that the trial court committed reversible error when it prevented an expert witness for the state from answering a question on cross-examination.
The record reflects that Corporal T.R. Shanks testified for the State regarding the use of latent fingerprint evidence. On cross-examination, appellant's counsel asked the witness how long it would take to make an enlargement photograph of the fingerprint exhibits, whereupon the trial judge interrupted the questioning and stated:
 "Let me save you some time. You are asking the witness to comment on the evidence and I don't think it serves any useful purpose, Mr. Pool." (R. 65)
Appellant's counsel responded with the phrase "All right."
While we believe the trial judge erred in interrupting the questioning, we do not believe prejudicial error was committed.
The argument may be made that the trial judge was simply attempting to prevent the trial from "bogging down." This court has held that the trial judge has a duty to move the testimony expeditiously along, and, since the trial judge is vested with discretion in the conduct of the trial, appellate courts will not interfere unless there has been an abuse of that discretion.Tombrello v. State, 421 So.2d 1319 (Ala.Cr.App. 1982). In Gulleyv. State, 342 So.2d 1362 (Ala.Cr.App. 1977), Judge Bowen, writing for this court, opined:
 "It is the court's duty to confine the evidence to the points in issue in order that the attention of the jury may not be distracted, or that their minds may not be withdrawn from the main issue and directed to matters which are foreign or of questionable or doubtful relevancy."
Similarly, we have held that the latitude and extent of cross-examination is a matter within the sound discretion of the trial court and is reviewable on appeal only for prejudicial abuse. Hembree v. City of Birmingham, 381 So.2d 664 (Ala.Cr.App. 1980). See also Turner v. State, 289 Ala. 97, 265 So.2d 883
(1972). Furthermore, on appeal *Page 642 
the party claiming an abuse of the trial judge's discretion bears the burden of persuasion. Hembree, supra; Connell v. State,294 Ala. 477, 318 So.2d 710 (1974); Alford v. State, 30 Ala. App. 590,10 So.2d 370 (1942).
In the case at bar, we are not persuaded that the trial court abused its discretion in limiting the cross-examination. Defense counsel never made a proffer of what he expected to prove through the testimony. "To put the trial court in error in declining to allow a question to be answered, it must have been suggested what it was proposed to prove, and how it would be relevant and competent, unless the question in itself gave such information."Gwin v. State, 425 So.2d 500 (Ala.Cr.App. 1982), writ quashed,425 So.2d 510 (Ala. 1983). See Woods v. State, 18 Ala. App. 123,90 So. 52 (1921); United States v. Wells, 525 F.2d 974 (5th Cir. 1976). "An exclusion cannot be reviewed in the absence of an offer of proof." Gwin, supra. See Moore v. State, 16 Ala. App. 503,79 So. 201 (1918). Here, appellant's counsel failed to make an offer of proof. Moreover, the only comment appellant's counsel made after the trial judge limited the cross-examination testimony was the phrase "All right." Additionally, we are unable to reach the conclusion that the question proposed on cross-examination by defense counsel to the witness suggested the materiality of the question or the relevance and competence of the answer sought.
On appeal, in order for appellant to complain that the actions by the trial judge in limiting the cross-examination of the State's witness was error, appellant must object and invoke a ruling from the court. Gulley, supra; Lambert v. State,55 Ala. App. 669, 318 So.2d 364 (1975).
No prejudicial error appearing, the judgment appealed from should be affirmed.
AFFIRMED.
All the Judges concur.