BOWEN, Presiding Judge.
Willie Walker was convicted of robbery in the first degree and received a sentence of life without parole as a habitual offender.
I
At the hearing on the motion for new trial, the trial judge properly refused to allow defense counsel to ask the following question of the four jurors who had been subpoenaed for that hearing:. “In your opinion, did the trial judge express his opinion by acts or action as to the guilt of the defendant in the trial?”
“A juror may not testify, either in impeachment or in support of his verdict, as to what effect a matter had upon his mind as causing or not causing him to agree to the verdict, as to why he agreed to the verdict or concerning the mental processes by which he came to agree to the verdict.” C. Gamble, McElroy’s Alabama Evidence § 94.06(2) (3rd ed. 1977). “[T]he rule does not permit evidence by the jurors of their own mental operations.” Birmingham Electric Company v. Yoast, 256 Ala. 673, 678, 57 So.2d 103 (1951).
II
The defendant complains that the judge’s conduct and actions on eight separate occasions improperly influenced the jury and denied him a fair trial.
This issue was not raised at trial and the grounds of objection asserted on appeal were not advanced in the trial court. Consequently, there is nothing to review. Gilliland v. State, 291 Ala. 89, 92, 277 So.2d 901 (1973).
“The purpose of objection and exception is to challenge the correctness of the action of the court so that such action may be corrected by the court itself, if deemed erroneous, and to lay the foundation for review, if necessary, by the appellate tribunal. Without such objection, the trial court ordinarily has the right to assume that its action is acquiesced in and free from error.” Turner v. State, 289 Ala. 97, 100, 265 So.2d 883 (1972).
The assignment of a specific ground of objection constitutes a waiver of all other grounds. Carter v. State, 205 Ala. 460, 462, 88 So. 571 (1921). “[T]he trial court will not be placed in error on grounds not raised at trial.” Helms v. State, 478 So.2d 9, 11 (Ala.Cr.App.1985).
Generally, a trial judge should not comment on the effect of testimony. Alabama Code 1975, § 12-16-11. However, “ ‘it is not improper comment on the evidence for the judge to explain his ruling on a matter of law, and he may refer to testimony and state its legal effect, in deciding a point raised during the trial.’ ” McDonald v. State, 340 So.2d 80, 83 (Ala.Cr.App.), cert. denied, 340 So.2d 84 (Ala.1976); Cooper v. State, 393 So.2d 495, 499 (Ala.Cr.App.1981). Compare Daniel v. State, 41 Ala.App. 405, 410, 134 So.2d 752, cert. denied, 273 Ala. 706, 134 So.2d 757 (1961).
“While a trial judge should not in jury cases indicate either favor or disfavor toward witnesses, it may often happen in the course of a trial that some occurrence will warrant comment by the court on the conduct of a witness.... Thus, a court may caution a witness to pay attention to the questions and ... to think over what he is about to say, or to an *600 swer questions frankly.... In the interest of an orderly trial, a trial court may in proper cases reprove or rebuke witnesses, and a mere admonition to a witness is not ordinarily prejudicial.” 75 Am.Jur.2d Trial, § 113, at pp. 209-10 (1974).
“When a question is improper or calls for improper evidence, it is not error for the judge to intervene without an objection.” 23 C.J.S. Criminal Law § 991, at pp. 1012-14 (1961). See also Gulley v. State, 342 So.2d 1362, 1365-66 (Ala.Cr.App.1977). “The judge may direct a witness ... to tell only that of which he has personal knowledge.” 23 C.J.S. Criminal Law § 990, at p. 1012 (1961).
Ill
The defendant contends that the prosecutor committed reversible error in his closing argument to the jury by commenting on evidence which had been specifically excluded and by arguing his own credibility.
This Court cannot ascertain any impropriety in the closing argument because defense counsel did not substantially identify the language deemed objectionable. “It is well established that objectionable remarks should be fully quoted, or substantially so, in an objection to improper argument.” Jones v. State, 460 So.2d 1382, 1383 (Ala.1984).
Furthermore, in the instances cited by the defendant, the record shows that the trial judge, on both occasions, instructed the jury to disregard the prosecutor’s comments. “If the argument of counsel was not so objectionable as that it could be eradicated by instructions of the court, such action was sufficient.” Canty v. State, 238 Ala. 384, 390, 191 So. 260 (1939), reversed on other grounds, Canty v. Alabama, 309 U.S. 629, 60 S.Ct. 612, 84 L.Ed. 988 (1940). “It is a general rule that where prejudicial statements are made in the heat of argument, even though improper, in accommodation of our adversary system, such statements are considered capable of being eradicated by the trial judge in sustaining objections thereto or by appropriate instructions to the jury or both.” Allred v. State, 291 Ala. 34, 38, 277 So.2d 339 (1973), on remand, 55 Ala.App. 74, 313 So.2d 195, writ denied, 294 Ala. 751, 313 So.2d 203, cert. denied, 423 U.S. 859, 96 S.Ct. 113, 46 L.Ed.2d 86 (1975).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.