The appellant, John Woods, was convicted of murder made capital by § 13A-5-40(a)(2), Code of Alabama 1975, since he committed the murder during the course of a robbery. The appellant was sentenced to life imprisonment without parole.
The state's evidence tended to show that on the evening of June 28, 1989, Robert Collins was shot and killed while a passenger in a vehicle driven by the appellant. Montaggio Smith testified at trial that he, *Page 633 
his girlfriend, and the victim were in a residential neighborhood walking towards a gasoline service station and convenience store when an automobile driven by the appellant approached them. The victim started talking to the three men in the vehicle. Smith stated that the appellant then suggested that he and the victim take the three men to buy "something to smoke." Everyone agreed and Smith and the victim got into the car, leaving the girl behind. Both got into the backseat of the car with one of the other occupants. A location was named and the car proceeded in that direction. After several moments, the car stopped and the appellant turned and asked the victim if he had any money. The victim said that he had "a little change." The appellant then told the victim to "give it up." Smith testified that when the appellant said "give it up," he saw that the appellant had a sawed-off shotgun in his hand. The appellant then turned around and shot the victim. After the appellant shot Collins, he turned the gun on Smith and said he knew that the victim had money and to "give it up." Smith begged the appellant not to kill him. He then looked in the pockets of the victim's shorts for some money and found an envelope in one of his pockets. Smith handed the envelope to the appellant. The person sitting in the front passenger seat told Smith to get out of the car. When he got out of the car, he saw that the passenger was holding a sawed-off shotgun. The passenger then told Smith that "he was going to kill" him. Smith then started running. The last thing that Smith saw was the appellant squatting in the backseat, "like he was trying to get the body out."
Mr. Davis, a resident of the neighborhood where the shooting occurred, testified that he heard a shot, came outside, and asked his children what was happening. He stated that his brother-in-law told him that a car was parked in the middle of the street and that he saw one person get out of the car and leave, and another person stand next to the passenger door. His niece and nephew told him that the car was dragging a body. Mr. Davis got in his car and followed the vehicle. He stopped when he saw a body in the road. The police arrived shortly thereafter.
Testimony further showed that the appellant did not own the car, but that he had taken it without the owner's permission. When the car appeared some time later, the rear windshield was gone and there was blood all over the backseat. The appellant raises three issues on appeal.
 I
The appellant contends that the trial court erred in not suppressing the confession he made to the police. Specifically, he argues that the statement should have been suppressed because although he had counsel at the time the statement was made, his counsel was not present nor was his counsel called prior to the appellant's making the statement. The appellant was arrested on July 21, 1989. Counsel was appointed on July 27, 1989. The appellant made the statement on July 31, 1989. These events all took place prior to the preliminary hearing.
The appellant does not dispute the fact that he was read hisMiranda rights and that he signed the waiver form. The record reflects that the appellant was read his rights by Sgt. Paul Martin in the presence of Sgt. Clanton. The appellant said he understood his rights and he signed a rights waiver form. He said he wanted to make a statement. No threats or promises or hope of any reward was made to him. Sgt. Martin stated at trial that at the time the questioning took place he did not know that appellant had counsel. At no time prior to making the statement had the appellant requested to see his counsel. After he made the statement, he requested to see his attorney. When this request was made, all questioning ceased.
 "One jurisdiction [New York], as a matter of state law, has adopted the position that the police may not question a suspect, absent an affirmative waiver in the presence of his attorney, once a defense attorney enters the picture." *Page 634 
Lafave, Criminal Procedure § 6.4 (1984). This position has not been followed in the majority of jurisdictions, including California, Massachusetts, and North Carolina. See UnitedStates v. Kenny, 645 F.2d 1323 (9th Cir. 1981), cert. denied452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981); UnitedStates v. Nashawaty, 571 F.2d 71 (1st Cir. 1978); State v.Smith, 294 N.C. 365, 241 S.E.2d 674 (1978).
We continue to adhere to the view that even though a defendant has counsel, he may waive his right to counsel's presence and make a voluntary confession. See Herriman v.State, 504 So.2d 353 (Ala.Cr.App. 1987).
 "The vast majority of jurisdictions have upheld counselless waivers which were obtained after written or oral warnings have been given. State v. McLucas (1977), 172 Conn. 542, 375 A.2d 1014, cert. denied, 434 U.S. 855, 98 S.Ct. 174, 54 L.Ed.2d 126; Pierce v. State (1975), 235 Ga. 237, 219 S.E.2d 158; State v. Ruth (1981), 102 Idaho 638, 637 P.2d 415; People v. Aldridge (1979), 68 Ill. App.3d 181, 24 Ill.Dec. 484, 385 N.E.2d 396; State v. Costa (1980), 228 Kan. 308, 613 P.2d 1359; Watson v. State (1977), 35 Md. App. 381, 370 A.2d 1149, aff'd, (1978) 437 U.S. 908, 98 S.Ct. 3100, 57 L.Ed.2d 1140; State v. Williams (Mo.App. 1978), 566 S.W.2d 841; People v. Green (1979), 405 Mich. 273, 274 N.W.2d 448; Giddings v. State (Minn. 1980), 290 N.W.2d 595; State v. Jackson (1980), 205 Neb. 806, 290 N.W.2d 458; State v. Romero (1982), 56 N.C. App. 48, 286 S.E.2d 903; Matter of Sanders
(1982), 56 Or. App. 724, 643 P.2d 384; Commonwealth v. Lowery (1980), 276 Pa.S. 569, 419 A.2d 604; McPherson v. State (Tenn.Cr.App. 1977), 562 S.W.2d 210; Lamb v. Commonwealth (1976), 217 Va. 307, 227 S.E.2d 737; State v. Clawson (W.Va. 1980) [165 W. Va. 588], 270 S.E.2d 659; Jordan v. State (1980), 93 Wis.2d 449, 287 N.W.2d 509."
State v. Norgaard, 201 Mont. 165, 653 P.2d 483, 487 (1982).
Because we have determined that before indictment a defendant can waive his right to counsel though he has representation, we must next determine if the statement was voluntary. All custodial confessions are presumed involuntary. It is up to the State to show that a confession was voluntarily given. SeeMagwood v. State, 494 So.2d 124 (Ala.Cr.App. 1985), aff'd494 So.2d 154 (Ala. 1986), cert. denied 479 U.S. 995,107 S.Ct. 599, 93 L.Ed.2d 599 (1987). We will not disturb the decision of the trial court unless it is, "contrary to the great weight of the evidence." Jackson v. State, 549 So.2d 616 (Ala.Cr.App. 1989).
To show that a custodial confession is admissible, the State must present evidence that the defendant was read hisMiranda rights and that the confession was voluntary. SeeMagwood, id.; Moore v. State, 469 So.2d 1308 (Ala.Cr.App. 1985); Waters v. State, 360 So.2d 358 (Ala.Cr.App. 1978) cert. denied, 360 So.2d 367 (Ala. 1978); Reynolds v. State,346 So.2d 979 (Ala.Cr.App. 1977), writ denied, 346 So.2d 986 (Ala. 1977);Beverly v. State, 281 Ala. 325, 202 So.2d 534 (1967). A defendant's right to counsel may be waived. See Brewer v.Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). A valid waiver cannot be assumed by the silence of the defendant. See Sullivan v. State, 351 So.2d 659 (Ala.Cr.App. 1977), cert. denied, 351 So.2d 665 (Ala.).
In this case, the appellant signed a waiver of rights form. "An explicit written waiver or oral waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver." NorthCarolina v. Butler, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757,60 L.Ed.2d 286 (1979). To determine if a defendant has waived his right to counsel we must look at the particular facts of the case. See Butler, 441 U.S. at 374, 99 S.Ct. at 1758. There is no question in the instant case that the appellant signed the written waiver form. He was not coerced or threatened in any way into making the statement. Also it is clear that he knew of his right to counsel because during the questioning he asked to speak with his counsel. At that *Page 635 
point all questioning was terminated. The appellant's motion to suppress was correctly denied.
Moreover, as we stated in Peoples v. State, 510 So.2d 554
(Ala.Cr.App. 1986), aff'd, 510 So.2d 574 (Ala. 1987), cert. denied, 484 U.S. 933, 108 S.Ct. 307, 98 L.Ed.2d 266 (1987):
 "This appeal does not involve an ex parte
questioning of the appellant in violation of his Sixth Amendment right to counsel. See Maine v. Moulton, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985); United States v. Henry, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). This is because formal criminal procedures had not yet commenced; the Sixth Amendment right to counsel does not attach until indictment, or preliminary hearing if one is held. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970)."
510 So.2d at 570.
For the above-stated reason, the confession was correctly received into evidence. No error occurred here.
 II
The appellant next contends that there was insufficient evidence to convict him of the capital murder of Robert Collins. Specifically, he questions the credibility of Montaggio Smith because, he argues, Smith's testimony was the only "direct evidence" that he and not the other passengers in the car committed the crime. The appellant testified at trial that the passenger in the front seat shot Collins.
 "To sustain a conviction under § 13A-5-40(a)(2) for capital murder-robbery, the State must prove beyond a reasonable doubt: (1) a 'robbery in the first degree or an attempt thereof,' as defined by § 13A-8-41, (2) a 'murder' as defined by § 13A-6-2(a)(1), and (3) that the murder was committed 'during' the robbery or attempted robbery. . . ."
Connolly v. State, 500 So.2d 57 (Ala.Cr.App. 1985), aff'd,500 So.2d 68 (Ala. 1986).
Was there sufficient evidence from which the jury could find the appellant guilty beyond a reasonable doubt? SeeConnolly. We believe there was sufficient evidence in Smith's testimony. Smith testified that he saw the appellant shoot the victim with a sawed-off shotgun and that he took an envelope from the victim's pocket. This is sufficient evidence in itself to support the conviction. However, in the instant case there is also the appellant's confession, which as we stated above, was correctly received into evidence.
The resolution of any conflicts in the evidence and a determination as to credibility of the witnesses are left to the jury, as the finders of fact. Taylor v. State,408 So.2d 551 (Ala.Cr.App. 1981), cert. denied, 408 So.2d 555 (Ala. 1982). "We will not substitute our judgment for that of the jury." Neal v. State, 460 So.2d 257, 260 (Ala.Cr.App. 1984).
 III
Last, the appellant contends that the prosecutor committed reversible error when he commented on the absence of one witness. The appellant states that, "this was an improper comment on the availability of this witness predicated on superior knowledge or ability to have [the absent witness] appear in Court." The following occurred during the cross-examination of the appellant:
 "Q [Prosecutor] — So you and Gerald stopped there and you stayed how long?
"A [Appellant] — Twenty minutes.
"Q — Is Lashawn [Spieghts] here today?
"A — No, sir.
 "Q — So Lashawn is not here to testify that you and Gerald came over and stopped by her house?
 "Mr. Turberville [Defense Counsel] — I object to that, he answered the question. Some of the state's witnesses are not here."
The objections raised on appeal were not the objections stated at trial. Specific objections made to the trial court waive all other grounds not specified. Walker v. State,519 So.2d 598 (Ala.Cr.App. 1987); Murray v. State, 494 So.2d 891
(Ala.Cr.App. 1986); *Page 636 Blackmon v. State, 449 So.2d 1264 (Ala.Cr.App. 1984); Kennedyv. State, 373 So.2d 1274 (Ala.Cr.App. 1979).
For the foregoing reasons, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.