Grady Dollar appeals from the trial court's restitution order, which was entered pursuant to his convictions for arson in the second *Page 208 
and third degree. Dollar pled guilty, and was sentenced to 2 years' imprisonment for his conviction for second degree arson and to 12 months in jail for his conviction for third degree arson, the two sentences to be served concurrently. Dollar was also ordered to pay $50 to the victims' compensation fund, and restitution, if any was claimed. Subsequent to a restitution hearing, Dollar was ordered to pay the victim $23,403.00. The restitution order was later amended to order Dollar to pay additional restitution, in the amount of $25,403.00, to American Bankers Insurance Company. Dollar raises three issues on appeal.
 I.
Dollar contends that the trial court erred by ordering him to pay restitution. He argues that his plea agreement was conditioned on restitution being paid only if the state submitted a restitution claim within 30 days of the entry of Dollar's plea. The record does not support Dollar's interpretation of these facts.
The record contains neither the plea agreement itself nor a transcript of the hearing at which he entered his plea. He relies on the judgment entry, reflected in the case action summary, in order to prove the alleged terms of the alleged plea agreement. In fact, the case action summary shows only that Dollar entered a guilty plea and that he was subsequently sentenced. It does not show that he relied upon any promise or agreement by the state. In fact, the case action summary does not show that the state promised or agreed to anything in exchange for the plea. This court cannot predicate error on a silent record. Walters v. State, 585 So.2d 206 (Ala.Cr.App. 1991).
 II.
Dollar contends that the trial court's restitution order is defective, because, he argues, it fails to state the factual basis upon which the trial court relied in setting the restitution. The record shows that Dollar has not presented this issue to the trial court in any form at any time. Therefore, this issue is not preserved for appellate review. See Eddins v. State, 501 So.2d 574 (Ala.Cr.App. 1986); andStork v. State, 475 So.2d 622 (Ala.Cr.App. 1984), reversed on other grounds, 475 So.2d 623 (Ala. 1985).
 III.
Dollar contends that the trial court erred by amending the restitution order, because, he contends, the trial court no longer had jurisdiction over the matter. The original restitution order was issued on May 18, 1995. The order was amended on June 27, 1995.
In Rose v. State, 598 So.2d 1040 (Ala.Cr.App. 1992), we observed in a footnote:
 "In Pickron v. State, 475 So.2d 599 (Ala. 1985), the Alabama Supreme Court affirmed this Court's holding in Pickron v. State, 475 So.2d 593
(Ala.Cr.App. 1984), that a motion to amend or correct a sentence, another post-trial motion, falls within the coverage of Rule 13 (now Rule 24, A.R.Crim.P.), even though such a motion is not within the specific language of the rule."
Id., at 1044, n. 2. Rule 24.2(b), Ala.R.Crim.P., provides as follows:
 "A motion in arrest of judgment shall be filed within thirty (30) days after sentence is pronounced. The court may act on its own motion in arresting judgment only during the period in which a motion to arrest would be timely."
In this case, the trial court, on it's own motion, amended the restitution order more than 30 days after the pronouncement of the final judgment. Based upon Pickron and Rule 24.2, we find that the trial court no longer had jurisdiction over the matter when it amended the restitution order. Therefore, we reverse the trial court's judgment with respect to the amended restitution order only. We remand this cause to the trial court with instructions that it vacate the amendment to the restitution order, and restore the restitution order as it stood before the amendment.
REVERSED AND REMANDED.
All Judges concur. *Page 209