The appellant, Keith Alan Perry, was indicted for one count of attempted murder (case CC-98-2103) and four counts of unlawful distribution of a controlled substance (cases CC-98-2104, CC-98-2105, CC-98-2106, and CC-98-2107). On November 3, 1998, a jury found him guilty of unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala. Code 1975 (case CC-98- 2107). On November 5, 1998, he pled guilty to first-degree assault, a violation of § 13A-6-20, Ala. Code 1975, as a lesser included offense of attempted murder (case CC-98-2103), and three counts of unlawful distribution of a controlled substance, violations of § 13A-12-211, Ala. Code 1975 (cases CC-98-2104, CC-98-2105, and CC-98-2106). The trial court sentenced him, pursuant to the Habitual Felony Offender Act, § 13A-5-9(c)(2), Ala. Code 1975, to concurrent sentences of life in prison for each count. In addition to the life sentences, the trial court enhanced his sentence in case CC-98-2105 by five years because the sale occurred within three miles of a school and by an additional five years because the sale occurred within three miles of a public housing project; in case CC-2106 by five years because the sale occurred within three miles of a school and by an additional five years because the sale occurred within three miles of a public housing project; and in case CC-98-2107 by five years because the sale occurred within three miles of a school. See
§§ 13A-12-250 and 13A-12-270, Ala. Code 1975. The appellant filed a motion to withdraw his guilty pleas in cases CC-98-2104, CC-98-2105, and CC-98-2106 and a motion for a new trial in case CC-98-2107. The trial court denied his motions, and this appeal followed.
 I.
First, the appellant argues that his sentence of life imprisonment plus ten *Page 469 
years in case CC-98-2107 constituted cruel and unusual punishment, thereby violating his Eighth Amendment rights. Specifically, he argues that the Habitual Felony Offender Act, as applied, results in unduly harsh and disproportionate sentences. However, he did not present this claim to the trial court at sentencing or in his motion for a new trial. Thus, he has not preserved this issue for our review. Bishop v. State, 690 So.2d 502 (Ala.Cr.App. 1996); Ryans v. State, 439 So.2d 203 (Ala.Cr.App. 1983).
 II.
Second, the appellant argues that the trial court erroneously denied his motion to dismiss the indictment, in which he argued that the trial court had not set a preliminary hearing date within the time prescribed by law. Rule 5.1(a), Ala.R.Crim.P., provides, in pertinent part:
 "A defendant charged by complaint with the commission of a felony may, within thirty (30) days of arrest, demand a preliminary hearing. If demanded, the preliminary hearing shall commence in district court within twenty-one (21) days following the demand for preliminary hearing unless:
"(1) The complaint has been dismissed;
"(2) The hearing is subsequently waived;
 "(3) The hearing is postponed as provided in section (d); or
 "(4) An indictment charging the same offense has been returned by the grand jury before the commencement of the hearing."
The appellant argues that the preliminary hearing was held more than 21 days after the date he demanded a hearing, thus violating Rule 5.1(a), Ala.R.Crim.P.
In this case, the appellant filed his request for a preliminary hearing on November 7, 1997, and the trial court held a preliminary hearing on December 1, 1997. Twenty-one days from November 7, 1997, fell on Friday, November 28, 1997, which was the day after Thanksgiving and a state holiday. Rule 1.3(a), Ala.R.Crim.P., provides, in pertinent part:
 "In computing any period of time of more than twenty-four (24) hours prescribed by these rules, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included, unless that day is a Saturday, Sunday, legal holiday, or day on which the appropriate clerk's office is closed . . . in which case the period shall run until the end of the next day which is not a Saturday, Sunday, or a legal holiday."
Thus, the next working day after Friday, November 28, 1997, that was not a Saturday, a Sunday, or a legal holiday was Monday, December 1, 1997, the date on which the preliminary hearing was held. Therefore, the appellant's argument that the preliminary hearing was not conducted within the time prescribed by law is refuted by the record.
 III.
Third, the appellant argues that, in case CC-98-2107, the trial court erred by not charging the jury on the lesser included offense of possession of a controlled substance.
 "The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense."
§ 13A-1-9(b), Ala. Code 1975.
 "A charge on a lesser included offense should be given only when there is a reasonable theory from the evidence to support such a proposition. Isom v. State, 497 So.2d 208
(Ala.Cr.App. 1986). The trial judge may refuse to charge on a lesser included offense where the only reasonable conclusion from the evidence is that the appellant is guilty of the offense charged or of no crime at all. *Page 470 Moton v. State, 524 So.2d 381 (Ala.Cr.App. 1988)."
Buice v. State, 574 So.2d 55, 58 (Ala.Cr.App. 1990). Furthermore, a trial court may refuse to charge on a lesser included offense "`when (1) it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) the requested charge would have a tendency to mislead or confuse the jury. Lami v.State, 43 Ala. App. 108, 180 So.2d 279, cert. denied, 278 Ala. 710,180 So.2d 282 (1965)'" Craig v. State, 719 So.2d 274, 279
(Ala.Cr.App. 1998) (quoting Anderson v. State, 507 So.2d 580,582-83 (Ala.Cr.App. 1987)).
Four police officers testified at trial. Officer Barry Bemis testified that he had arranged to make a controlled buy of cocaine from the appellant and that Officer James Henderson monitored the buy. When the appellant arrived, Officer Bemis gave him $350. In exchange for the money, the appellant gave Bemis 3.43 grams of cocaine. Thus, the State's evidence clearly showed that the appellant did more than possess cocaine; he actually sold it. There was no reasonable theory from the evidence that would support an instruction on possession of a controlled substance. Therefore, the trial court properly refused to give the requested instruction.
 IV.
Fourth, the appellant argues that the trial court erroneously denied his motion for a mistrial. Specifically, he argues that he was prejudiced because he was required to wear a Jefferson County Jail bracelet throughout the trial. "[A]n accused `may not remain silent and willingly go to trial in prison garb and thereafter claim error.' Hernandez [v. Beto, 443 F.2d 634,] 637 [(5th Cir.), cert. denied, 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed.2d 174 (1971)]. The accused must take any and all precautionary steps to eliminate any possible prejudice in order to later complain of prejudice."Turner v. State, 473 So.2d 639, 641 (Ala.Cr.App. 1985). Also, the accused is required to show that he was, in fact, compelled to wear the prison garb. Id. After resting his case, the appellant moved for a mistrial based on the alleged prejudicial effect of wearing his identification bracelet from the Jefferson County Jail. The trial court denied his motion, stating:
"The Court: What's on your mind?
 "[Defense counsel]: He has brought to my attention and wants me to make a motion for a mistrial based on the fact that he has been required or he's had his wristband that shows `jail.' He feels this might be prejudicial to him and give the jury a false and misleading opinion of him and where he's been. He asks for a mistrial based on that identification bracelet which he's wearing.
 "The Court: Nobody can see that across the room, I assure you, other than the fact that it is a bracelet. I'll not give you a mistrial on that one, sir. Thank you.
 "[Defense counsel]: We renew our previous judgment of acquittal, Judge, and all previous objections.
"The Court: He's wearing a coat too, I noticed that."
(R. 93-94.) The appellant did not object to wearing the bracelet before the end of the trial. Also, the record does not indicate that he was compelled to wear the bracelet. Finally, the appellant did not show he was actually prejudiced because he wore the bracelet. See McWilliams v. State, 640 So.2d 982, 996
(Ala.Cr.App. 1991), aff'd in pertinent part, 640 So.2d 1015 (Ala. 1993). Therefore, the trial court properly denied his motion for a mistrial.
 V.
Fifth, the appellant argues that the trial court erroneously denied his motion to withdraw his guilty pleas. Specifically, he argues that the State violated the terms of the plea agreement because it did not inform him, before he entered into the agreement, that it intended to seek enhancement of his sentences pursuant *Page 471 
§§ 13A-12-250 and 13A-12-270, Ala. Code 1975. "The court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice." Rule 14.4(e), Ala.R.Crim.P. Also, "[w]hether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of that discretion." Alford v. State, 651 So.2d 1109,1112 (Ala.Cr.App. 1994).
Initially, we note that the plea agreement is not included in the record on appeal. This court cannot predicate error on matters not included in the record. Dollar v. State, 687 So.2d 207
(Ala.Cr.App.), reversed on other grounds, 687 So.2d 209
(Ala. 1996). Furthermore, during the plea proceedings, when the prosecutor stated that the unlawful distribution cases involved enhancements under either § 13A-12-250 or § 13A-12-270, the appellant did not object. In fact, he admitted that the sales in cases CC-98-2105 and CC-98-2106 occurred within three miles of a school and a public housing project. After the discussion about which enhancements applied in which cases, the trial court instructed defense counsel to discuss the enhancements with the appellant to determine whether the application of the enhancements violated the terms of the plea agreement. After an off-the-record discussion with the appellant, defense counsel stated that the appellant was willing to accept the application of the enhancements without requiring testimony by the State. The trial court then sentenced the appellant, explaining the enhancement provisions that applied, and the appellant agreed with the sentences imposed by the trial court. Thus, when he entered his pleas, the appellant was aware that his sentences would be enhanced and, in fact, consented to the application of the enhancements to his sentences. Therefore, the trial court did not abuse its discretion in denying the appellant's motion to withdraw his guilty pleas.
For the above-stated reasons, we affirm the appellant's convictions. However, in case CC-98-2107ial court did not impose the fine mandated by § 13A-12-281, Ala. Code 1975. Section13A-12-281 requires that the trial court impose a fine of $1,000 for first-time drug offenders and $2,000 for second-time and subsequent drug offenders. Therefore, in accordance with Piersonv. State, 677 So.2d 246 (Ala. 1995), we remand this case so the trial court may impose the appropriate fine. Furthermore, it is not clear from the record why the fines were not imposed in cases CC-98-2104, CC-98-2105, and CC-98-2106. Therefore, on remand, the trial court shall determine whether, under the terms of the plea agreement, it should have imposed the fines in cases CC-98-2104, CC-98-2105, and CC-98-2106. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court, written findings as to whether the plea agreement required fines to be imposed in cases CC-98-2104, CC-98-2105, and CC-98-2106, and corrected sentencing order(s).
AFFIRMED AS TO CONVICTIONS; REMANDED WITH INSTRUCTIONS FOR IMPOSITION OF FINE(S)*.
Long, P.J., and McMillan, Cobb, and Fry, JJ., concur.
* Note from the reporter of decisions: O August 6, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 472